## Atkinson *versus* Tomlinson.

1. To the notice of inquisition a sheriff made return, "Having made diligent search and inquiry, and not being able to find the within named defendant, I did, this 15th day of October 1872, post the within described premises with a true and attested copy of this writ." *Held*, that if this return was defective under the Act of June 16th 1836, on the ground that it did not show legal notice to defendant, it was an irregularity which did not render the venditioni exponas issued in pursuance thereof a void process and could not affect the title of the purchaser from the sheriff's vendee.

2. An order of court setting aside a condemnation and venditioni exponas, by reason of such an irregularity, is a nullity as to said bona fide purchaser.

October 13th 1879. Before Sharswood, C. J., Mercur, Gordon, Paxson, Trunkey and Sterrett, JJ. Green, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1879, No. 262.

Ejectment by John H. Atkinson against A. Tomlinson for two lots of ground in the city of Pittsburgh.

Evans, Dallas & Gilmore obtained a judgment against Atkinson on June 4th 1872, and on the same day issued execution and levied upon the two lots of ground in dispute. The sheriff made return that the lots had been condemned by his jury of inquisition, and also the following return to the notice of inquisition:—

"Having made diligent search and inquiry, and not being able to find the within-named defendant, I did, this 15th day of October 1872, post the within described premises with a true and attested copy of this writ."

The plaintiff, on October 25th 1872, issued a vend. ex., and on December 2d 1872 the property was sold by the sheriff to John S. Lambie and J. A. McQuade. On December 7th 1872, the sheriff acknowledged a deed to the purchasers, and on the 9th of December they conveyed to Tomlinson. Atkinson was notified of the sale, and on the 21st of December 1872 petitioned the court to set aside the sale on the ground that no notice was given to defendant, although the plaintiff and the sheriff and his deputies personally knew defendant and his address in West Virginia, and that no notice was served on defendant's agent, who contracted the debt sued for, although said agent was well known to plaintiff, and resided in Allegheny county. The court granted a rule on Lambie

[Atkinson *v.* Tomlinson.]

and McQuade to show cause why the sale should not be set aside. They filed an answer December 26th 1872, denying any knowledge of defendant's residence or that of his agent, and setting forth their sale to Tomlinson; whereupon the court ordered Tomlinson to be made a party, and directed notice to be given to him.

On January 10th 1873, Tomlinson filed an answer, in which he averred that he was a bona fide purchaser, without any notice of any irregularity in the sheriff's sale, and protesting that the court had no jurisdiction to determine his rights in the premises, and that he was not bound to answer said rule.

The case was argued on June 22d 1875, and the court allowed the defendant to modify and limit the rule heretofore granted to a rule to set aside the inquisition, condemnation and vend. ex. On the 6th of April 1876, the cause was again argued, and the court made the rule absolute.

Atkinson then, on April 29th 1876, brought this action of ejectment to repossess himself of his property.

The cause was regularly put at issue, and came on for trial on the 15th of February 1877. The plaintiff offered in evidence the title in himself, as shown by his abstract, which was admitted; also, the sheriff's return to show possession of the defendant, and rested.

The defendant then offered in evidence the sheriff's deed to him, under the sale of October 1872, on the Evans, Dallas & Gilmore judgment. To this the plaintiff objected, claiming that the defendant, to support his sheriff's deed, must first show a judgment, execution, levy, inquest, condemnation and vend. ex. The court overruled the objection.

The defendant then offered the judgment of Evans, Dallas & Gilmore; also, the fi. fa., showing levy, inquisition and condemnation. Objected to, because the same record showed that the inquisition and condemnation had been set aside; that the defendant could not offer and use a part of the record without using the whole. The court overruled the objection.

The defendant also offered his deed from Lambie and McQuade, and rested.

The plaintiff then offered the remainder of the record not offered by defendant, showing the action of the court in setting aside the inquisition, condemnation and vend. ex., and rested.

The court, Collier, J., instructed the jury to find for the plaintiff, subject to their opinion on the following questions of law reserved:—

1. Whether the court had power to make the order entered on vend. ex., setting aside the inquisition, condemnation and vend. ex.

2. Whether said action of the court impaired or defeated the title of the defendant acquired from the sheriff's vendee.

The court subsequently entered judgment for the defendant on

[Atkinson v. Tomlinson.]

these points, when plaintiff took this writ, alleging that the court erred in admitting the sheriff's deed in evidence and in entering judgment for defendant on the reserved points.

*Barton & Sons*, for plaintiff in error.—A party wanting to put in evidence a title acquired under a judicial sale, must show not only a sheriff's deed, but an authority to the sheriff to make the deed, to wit, a judgment, execution, levy, inquisition, condemnation, vend. ex. and sale. But the court below in this case held differently, and permitted the defendant to give in evidence his sheriff's deed, and threw upon plaintiff the burden of contradicting the recitals in the deed. The defendant, not altogether relying on the correctness of this, undertook to corroborate it by offering a part of the record, to wit, the fi. fa., levy, inquisition and condemnation, and then rested. It is contended he was bound to offer the whole record. The Act of Assembly of June 16th 1836, Pamph. L. 769, requires that the sheriff should serve this notice of inquisition upon the defendant, if he be found within the county; if not, then to his agent or attorney, if they be known; if not, then to fix a handbill upon the premises.

In this case the sheriff totally neglected his duty. His return is that he made diligent search and inquiry for the defendant, but could not find him. He therefore posted the premises with a copy of this writ. The law declares he shall give notice by a handbill posted on the premises.

If the court had the power of setting aside this inquisition, &c., then its order and decree cannot be treated as a nullity in this collateral proceeding: Black v. Aber, 2 Grant 206. Was Tomlinson, who purchased from the sheriff's vendees, to be visited with this irregularity apparent upon the record, for which the court afterwards set aside the proceedings?

A sheriff's sale of real estate without an inquisition and condemnation is void: Baird v. Lent, 8 Watts 422; and it is not cured by the acknowledgment of the deed: Shoemaker v. Ballard, 3 Harris 92.

*A. M. Brown*, for defendant in error.—The defendant had the notice required by law. The omission to give notice of an inquisition is a mere irregularity, for which the sale might have been set aside; it never was a reason for declaring a purchaser's title void, after deed made and payment of purchase-money: Meanor v. Hamilton, 3 Casey 137; Spragg v. Shriver, 1 Id. 282; McFee v. Harris, Id. 102; Neil v. Tate, 3 Id. 208; Jackson v. Morter, 1 Norris 291; Chadwick v. Patterson, 2 Phila. R. 275; Hope v. Everhart, 20 P. F. Smith 231.

Where there is nothing on the record to show an execution irregular, the court will not interfere with it.

[Atkinson *v.* Tomlinson.]

The judgment of the Supreme Court was entered October 27th 1879,

PER CURIAM.—The defect in the sheriff's return, if there was a defect, was an irregularity which did not render the venditioni exponas a void process, and could not affect the title of the purchaser from the sheriff's vendee. He could not be summarily deprived of his land, which he had bought and paid for. Under notice of the rule to set aside the condemnation and venditioni exponas, he came in and set forth his title as a bona fide purchaser for valuable consideration, and without notice. As to him, the order of the court setting aside the process was a nullity. The court was right in admitting the sheriff's deed, with the judgment and execution, without regard to the order. The judgment of the court below upon the reserved point was therefore right.

Judgment affirmed.