## Seymour *versus* Hubert.

As a general rule no *defence* can be made to actions on judgments; except defences relating to matters subsequent to the judgment.

2. Instead of an application to open an original judgment the coverture of each of the makers of the note, on which the judgment was entered, was severally pleaded and denied in the replication. *Held*, that the question of coverture was thus made one of the issues to be tried, and evidence was admissible in support of the issue thus raised; that it was substantially the same as if it had been framed in the original judgment, and the plaintiff thereby waived the right to exclude the evidence of coverture.

January 20th 1880.     Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ.     GREEN, J., absent.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county* : Of July Term 1879, No. 95.

Scire facias to revive a judgment and *quare executionem non*, issued by Alice Hubert against Sarah Lewis and Lewis R. Seymour and Joseph P. B. Eddy, executors of Sarah Tingle, deceased.

The judgment was entered on a judgment note given by Sarah Tingle and Sarah Lewis to Alice Hubert. It was for $125, and dated December 17th 1873. Sarah Tingle died in 1874. The scire facias to revive was returnable on the first Monday of February 1875. The defendants obtained a rule to set aside the scire facias, open the judgment and let them into a defence. This rule was discharged, and the court gave defendants five days within which to file affidavits of defence. Sarah Lewis and one of the executors filed affidavits of defence, alleging the coverture and minority of Sarah Lewis, and that the whole of the judgment had been paid by usurious interest. These affidavits the court thought were insufficient, and entered judgment for plaintiff. The defendants took a writ of error, and the court reversed the court below, on the ground, that the judgment was improperly entered against the executors, for want of a sufficient affidavit of defence. The plaintiff then took a remittitur and ruled defendants to plead. The executors pleaded *non est factum*, coverture and payment, and Sarah Lewis *non est factum*, coverture, payment and infancy. The plaintiff replied coverture, *non solvit* and of age, and thereupon issue was joined.

Before the jury were called, the defendants asked leave to file an additional plea, that at the entry of the action the plaintiff was married, and the suit should have been brought by her husband. The plaintiff objected, and the court sustained the objection. (Fourth assignment of error.)

The plaintiff gave in evidence the record of the judgment and

[*Seymour v.* Hubert.]

rested. The defendants then offered to prove that Sarah Lewis was a married woman, and was so at the time of the execution of the note and the entry of judgment thereon. Objected to and objection sustained. (First assignment of error.)

Also to prove, that Sarah Tingle, the decedent, was a married woman and so continued until her death. Objected to and objection sustained. (Second assignment.)

In charging the jury, the court said: "When suit is brought to revive a judgment, you cannot show any defence except subsequent matter such as payment, unless the record shows that the judgment was improper."

The verdict was for plaintiff, and after judgment, defendants took this writ and alleged, that the court erred as set forth in the above assignments of error.

*John A. Burton*, for plaintiffs in error.—The record did not show that the question of coverture had been passed upon. Not showing coverture on the record, is not proof that these women were sole. Under the pleadings, the offer was material and relevant. The judgment was only evidence of what it established, a debt between the parties. The only question for the court was, whether the evidence supported the issue: Thompson *v.* Barkley, 3 Casey 263. But granting that the pleas were bad, they were waived by the replications: Rankin *v.* Duncan, 5 Esp. 38. The jury here found the fact that the defendants were sole, and decided that issue without evidence. The special plea, alleging coverture of the plaintiff, should have been allowed.

*George Tucker Bispham* and *Aaron Thompson*, for defendant in error.—Of course, where the fact of marriage appears of record, it can be set up by way of defence in an action upon the judgment, and this was the principle on which the cases of Dorrance *v.* Scott, 3 Whart. 309, Caldwell *v.* Walters, 6 Harris 79, and Quinn's Appeal, 5 Norris 453, were decided. But where the marriage does not appear of record, the validity of the instrument upon which it was entered, cannot be questioned in an action upon the judgment: Hartman *v.* Ogborn, 4 P. F. Smith 120.

The remedy which the defendant in such a case has, is the ordinary and simple one of applying to the court to open the judgment or strike it off, and in such an application, the validity of the judgment may be inquired into.

Of this remedy, they have already sought to avail themselves in the court below, and their application, as the record shows, was refused. They had their day in court on this motion, and they were not entitled to set up the same ground of defence on the trial of the action upon the judgment.

[Seymour v. Hubert.]

Mr. Justice MERCUR delivered the opinion of the court, May 3d 1880.

It may be conceded as a general rule, that in case of a scire facias to revive a judgment, no defence can be made except matters arising subsequent to the judgment. The merits of the original judgment cannot be inquired into so as to admit a defence which might have been set up in the original suit: Cardesa v. Humes, 5 S. & R. 65; Davidson v. Thornton, 7 Barr 128; Pitts., Cin. & St. Louis Railway Co. v. Marshall, 4 Norris 187. If the objection be to the validity of the former judgment, the proper mode is to apply to have it opened.

The original judgment in this case was entered on a judgment note. It is claimed that when the note was executed, both the makers thereof were married women, and the judgment therefore void. Instead of an application to open the original judgment, the coverture of each of the makers of the note was severally pleaded and denied in the replication. The defendant in error did not demur to the sufficiency of this plea nor move to strike it off, but accepted the issue tendered. The question of coverture was thus made one of the issues to be tried. It was substantially the same as if it had been framed in the original judgment. The defendant in error thereby waived her right to exclude the evidence of coverture. Under the pleadings it was admissible, and if found to exist at the execution of the note, that issue should have been found in favor of the plaintiffs in error. The first and second assignments are sustained. The language covered by the third assignment, although correct as a general proposition, was not applicable to the issue being tried. The fourth assignment is not sustained. The name of the husband might well have been added to the record, but he had no right of action in himself alone.

Judgment reversed, and a *venire facias de novo* awarded.