## ANNA M. WOODS v. JAMES T. WOODS.

ERROR TO THE COURT OF COMMON PLEAS OF CUMBERLAND COUNTY.

Argued April 20, 1889—Decided May 12, 1889.

(a) Judgment was entered upon a bond with warrant of attorney more than ten years old, without motion for leave with affidavit filed that the warrant was duly executed, the bond unpaid and the maker living, as required by a Rule of Court, and the same day execution issued and levy made.

(b) A judgment was afterwards entered against the same defendant by another creditor, execution issued and levy made, and the same day the

second execution issued, the defendant filed a petition to set aside the execution issued upon the first judgment and to strike off the judgment first entered.

1. On the rule granted, it was not error to permit the first judgment to stand, the plaintiff to file his affidavit nunc pro tunc, but to set aside the execution issued thereon, in order that the right of the intervening execution creditor should be saved.

Before PAXSON, C. J., WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 26 January Term 1889, Sup. Ct.; court below, Nos. 276, 277, 278 and 279 September Term 1888, C. P.

On August 18, 1888, judgments were entered in favor of Anna M. Woods, administratrix of W. S. Woods, deceased, for the use of John S. Munro, against James T. Woods, on four bonds each containing a warrant of attorney to confess judgment thereon. Each bond was for the sum of $1,000, was dated June 14, 1878, bore interest from April 1, 1875, payable annually, and was due April 1, 1888. The same day the judgments were entered, writs of fieri facias were issued on them to Nos. 63, 64, 65 and 66 September Term 1888, E. D., and a levy made on August 20, 1888.

On August 23, 1888, James T. Woods confessed a judgment to his son, W. M. Woods, in trust for Ezemiah H. M. Woods, the wife of James T. Woods, for $2,072, with interest from date, and on the same day a writ of fieri facias was issued on this judgment and a levy duly made. On the same day, August 23, 1888, James T. Woods filed a petition reciting the entry of the judgments on the first mentioned bonds, and averring that each of said warrants of attorney was more than ten years old before judgment was entered by virtue of the same; that neither the court nor a judge thereof was moved for leave to enter judgment, nor was an affidavit filed that any of said warrants of attorney was duly executed and that the money was unpaid and the debtor living. The petitioner therefore prayed the court to grant a rule on plaintiff to show cause why the said judgments should not be stricken off, and the executions and all proceedings thereon set aside at plaintiff's costs.

A rule having been granted in accordance with the prayer of

this' petition, on August 28, 1888, John S. Munro, the use plaintiff, filed an answer admitting the facts set up in the petition, but concluding as follows:

"It is also true that said bonds were not due until April 1, 1888, within a few. months of the date of their entry, and a little more than two months beyond ten years of their date. Your respondent also makes known that the interest was paid on said bonds till April 1, 1886, and that there is no defence to said bonds, nor was any alleged either prior to their entry or since; but the whole amount is still justly due and owing by defendant to the respondent, subject to a credit of $200 on account of interest on the mortgage bonds, amounting to $10,000, of which these said bonds form a part, paid April 1, 1887; that an application to the court or a judge thereof, for leave to enter judgment and an affidavit filed that any of said warrants of attorney 'were duly executed, and that the money was unpaid and the party living,' was not made simply because the necessity of it did not occur to your respondent or his counsel, and that there was no disposition to evade the rule of court; on the contrary, the respondent begs leave now to file this affidavit, nunc pro tunc, and prays the court to dismiss the said rule."

After argument on petition and answer, the court, SADLER, P. J., on August 30, 1888, filed the following opinion and decree:

The 133d section of the Rules of Court provides that, "if a warrant of attorney to enter judgment be above ten years and under twenty, the court, or a judge thereof in vacation, must be moved for leave to enter judgment, which motion must be grounded on an affidavit that the warrant was duly executed, and that the money is unpaid and the party living. When the warrant is above twenty years old, there must be a rule to show cause served on the defendant, if he can be found within the county." The plaintiff failed to comply with this rule in the case before us. . . . .

The fact that the principal debt secured by the bonds in the case before us did not mature until April 1st of the present year, and that it was therefore improbable that the debt could be paid, as urged by the plaintiff, and that the case did not therefore come within the spirit of the rule under discussion has

been duly considered. But it must be remembered that judgment could have been entered on the bonds at any time after the date of their execution and delivery, and that all presumptions which might arise as to a power of attorney more than ten years old, existed in this case and were not materially altered by the date fixed for the payment of the bond. Besides, however much, owing to the peculiar circumstances of this case, we might be disposed to except it from the provisions of the aforesaid rule, yet, on mature reflection, we have come to the conclusion that such a course would not be warranted, especially when the long and uniform practice in our court in reference thereto is taken into consideration.

The request by the plaintiff to file the affidavit required, nunc pro tunc, is reasonable and will be granted, and there will be no reason then why the judgments should be stricken off, especially as the judgments are secured by a mortgage of the real estate upon which they are a lien. But as it has been represented on the argument of the case, and conceded, that a subsequent execution has issued and levy been made, the action taken by us must be without prejudice to this creditor, and the writs of fieri facias issued should be set aside.

And, now, August 30, 1888, leave is given to the use plaintiff on judgments entered to Nos. 275, 276, 277 and 278 of September Term 1888, to file the affidavit and make the motion required by the 133d section of the Rules of Court, nunc pro tunc, and the rule to strike off the said judgment is discharged, but the rule in so far as relates to setting aside the writs of fieri facias issued upon the same to Nos. 63, 64, 65 and 66 September Term 1888, is made absolute.

Thereupon the plaintiff took this writ, specifying that the court erred:

1. In entering the above decree.
2. In not discharging the rule granted.

*Mr. John Hays* (with him *Mr. R. M. Henderson*), for the plaintiff in error.

*Mr. F. E. Beltzhoover* (with him *Mr. E. W. Biddle*), for the defendant in error.

PER CURIAM:

The judgments in this case were entered upon warrants of attorney over ten years old, without an application to the court as required by the Rules, and executions were issued thereon. Subsequently, the court granted leave to the plaintiff in the judgments to file the affidavit and make the motion required by the 133d section of the Rules of Court, nunc pro tunc. This was done, and the court then discharged a rule which had been previously granted to strike off the judgments, but set aside the executions which had been issued thereon. We see no error in this. The plaintiff was entitled to enter his judgment, had he complied with the Rules of Court. That he did not do so was a slip, and it did no one any harm to allow the judgments to stand, under the nunc pro tunc order, in view of the fact that the executions were set aside. An order nunc pro tunc is always made, or should be so made, as to protect intervening rights. In this case a subsequent execution had been issued by another party and a levy made upon the personal property of the defendant. His levy was good as against the prior executions, and it was proper for the court below to protect it.

Affirmed.