## Joseph Milleisen v. Michael Senseman, Appellant.

*Judgment—Binding effect of—Presumption of validity.*

An actual judgment by a court of competent jurisdiction is never to be treated as a nullity in the first instance. He who purchases land liable to a judgment lien cannot have the judgment vacated for irregularity to avoid the lien.

*Judgment not to be attacked collaterally.*

An actual but irregular judgment entered on the records of a court without authority, can only be reversed on a writ of error or set aside in the court below, on motion; and only at the instance of the defendant, a stranger or third party has a right to interfere with the judgment only when collusive.

*Title of sheriff's vendee not affected by irregularities after acknowledgment.*

After the acknowledgment of a sheriff's deed in open court, the title of a sheriff's vendee cannot be affected by mere irregularities however gross.

*Rules of court—A court is best judge of its own rules.*

Every court is the best judge of its own rules and will not be reversed except for palpable error. The construction put by the court below upon its own rules is entitled to consideration by the appellate court.

*Rules of court—Compliance with nunc pro tunc—Entry of judgment.*

A judgment note entered after ten years without motion and affidavit in support thereof as required by rule of court is voidable only and not void; and the court may permit a compliance with its rule nunc pro tunc.

A sheriff's vendee under such voidable judgment will not be disturbed by a vendee of the defendant who took subject to the lien of the said judgment which he may not collaterally attack in ejectment proceedings against the said sheriff's vendee.

Argued March 11, 1897. Appeal, No. 30, March T., 1897, by defendant, from judgment of C. P. Cumberland Co., on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Ejectment. Before E. W. BIDDLE, P. J.

The facts sufficiently appear in the opinion of the court.

The trial judge directed a verdict for plaintiff subject to the reserved question of law whether under all the evidence in the case the entry of judgment, No. 104, Feb. T., 1895, and the sub-

sequent proceedings thereon, by execution and sale, passed a valid title to plaintiff for William G. Senseman's undivided interest in the land described in the writs.

Verdict for plaintiff for the land described in the several writs. Defendant appealed.

*Error assigned* was the entry of judgment on the verdict.

*J. W. Wetzel*, for appellant.—The crucial question is whether there was a judgment in the court of common pleas at all prior to March 1, 1895, and not as assumed by the court below, that there was a voidable judgment.

There is nothing in the point made by the learned court below in our view of the case, that no one but Wm. G. Senseman can question the entry of judgment on the Milleisen note, because, as to him, if he had applied to strike it off, the court would have refused and on motion of plaintiff made just such an order as was made by the learned court below in this case : Emery v. Smith, 2 Dist. Rep. 133 ; Herman v. Fisher, 106 Pa. 121.

A purchaser is not bound to notice a deed or mortgage defectively registered, nor a judgment or lien which appears on its face to be a nullity : Goepp v. Gartiser, 35 Pa. 130 ; Bolton v. Johns, 5 Pa. 149 ; Uhler v. Hutchinson, 23 Pa. 110 ; Myers v. Boyd, 96 Pa. 427.

The nearest case in Pennsylvania approaching this one is that of Woods v. Woods, 126 Pa. 396.

*W. Penn Lloyd* and *F. H. Hoffer*, with them *W. F. Saddler*, for appellee.—A judgment is not void which is entered by the prothonotary in a court of competent jurisdiction. The judgment was entered under authority from the defendant and in the very court in which he had authorized it to be entered. It was duly indexed in the judgment docket and its entry appeared to be regular in all respects : Helvete v. Rapp, 7 S. & R. 306 ; Northumberland Bank's Appeal, 100 Pa. 418. It had therefore the qualities of a verdict : Braddee v. Brownfield, 4 Watts, 474.

Even had the instrument not been within the rule of court it would not have been void : Railroad Co. v. Hamilton, 127 Pa. 1.

A judgment is void only when it is incapable of giving or continuing a lien : Edwards' Appeal, 66 Pa. 89.

There is nothing better settled than that a judgment is never to be treated as a nullity in the first instance: Hauer's Appeal, 5 W. & S. 473.

If the judgment was voidable the defendant alone was competent to request the intervention of the court and this by direct proceedings: Brundred v. Egbert, 164 Pa. 620.

It cannot be attacked collaterally: Breckwoldt v. Morris, 149 Pa. 291; Holshue v. Morgan, 170 Pa. 217.

A bona fide purchaser of lands at sheriff's sale, subsequently in dispute in ejectment, section 9 of the Act of 1705, 1 Sm. L. 57, a complete protection against every defect or irregularity, except when the judgment was absolutely void upon it face: Speer v. Sample, 4 W. 367; Shannon v. Newton, 132 Pa. 375.

After acknowledgment of a sheriff's deed in open court the title of the vendee cannot be affected by mere irregularities, however gross: Levan v. Milholland, 114 Pa. 49.

OPINION BY WILLARD, J., April 19, 1897:

By the death of Joel Senseman on the 4th of December, 1894, who died intestate, his son W. G. Senseman became vested with an undivided sixth interest in the title to three farms in the county of Cumberland. At the time of his father's death he was indebted to the estate in the sum of about $3,300. On the 18th day of December, 1894, W. G. Senseman conveyed this interest in the said farms to his three brothers and sisters. The sisters subsequently made conveyances by which one of the farms was vested in each of the three brothers who were defendants in the actions of ejectment in the court below. On the 17th of March, 1884, W. G. Senseman made and delivered his promissory note to Joseph Milleisen and son for $398.10; the note was made payable one day after date and contained a warrant of attorney to confess judgment. On the 11th day of December, 1894, Milleisen and son presented the note at the prothonotary's office, requesting the prothonotary to enter judgment thereon, which was done in pursuance of their request, and duly entered and docketed according to law. Rule 131 of the court of common pleas of Cumberland county is as follows: "If a note, bond or other instrument containing a confession of judgment or warrant of attorney to enter judgment be above ten years old and under twenty, the court or a judge thereof,

in vacation must be moved for leave to enter judgment, which motion must be grounded on an affidavit that the instrument was duly executed and that the money is unpaid and the party living. When the instrument is above twenty years old there must be a rule to show cause, served on the defendant if he can be found in the county." The judgment of Milleisen and son against Senseman was entered without complying with the above rule of court, but on the 1st day of March, 1895, an affidavit was filed in pursuance of the rule of court and the court moved for leave to file the same nunc pro tunc, and the said judgment entered be approved, and upon the filing of the said affidavit the court made the following order: "And now, the 1st of March, 1895, leave is granted as within moved for, and the judgment entered is approved without prejudice however to any intervening rights of creditors or others." On March 4, 1895, a fieri facias issued on the judgment of Milleisen and son and upon an alias fieri facias, issued September 3, 1895, the interest of W. G. Senseman in the three farms above referred to was sold on the 8th day of November, 1895, to the plaintiff, Joseph Milleisen and a sheriff's deed therefor duly executed, acknowledged and delivered to him. The plaintiff claimed title by virtue of his sheriff's deed and the defendant by virtue of the deed from W. G. Senseman of the 18th of December, 1894, and the subsequent deeds from the sisters above referred to. At the trial the court reserved the question of law "whether under all the evidence in the case, the entry of the Milleisen judgment and the proceedings thereon by execution and sale, passed a valid title to the plaintiff for W. G. Senseman's undivided interest in the land described in the writ." A verdict was rendered for the plaintiff, the court reserving the point of law as above stated. Subsequently the court by opinion filed determined the reserved question of law in favor of the plaintiff and directed judgment to be entered on the verdict, the court holding that the judgment in favor of Milleisen and son against W. G. Senseman entered on the 11th of December, 1894, was voidable only and could be attacked by no one but the defendant therein, and therefore the sheriff's sale thereunder passed a good title to the plaintiff.

This is an attempted collateral attack upon the judgment of Joseph Milleisen and son against W. G. Senseman. Upon this judgment there was a sheriff's sale. The appellee was the pur-

chaser and derived his title by virtue of his purchase at the sale and his deed from the sheriff of Cumberland county for the land described in the writ.

It is claimed that the judgment was void because entered contrary to rule of court. The defendant made no complaint on account of the manner in which the judgment was entered, he did not deny its validity nor complain of the lapse of time intervening between the date of the warrant of attorney and the entry of the judgment. He never took any step to have it opened or vacated. A direct attack by him might have resulted in the opening of the judgment and staying the proceedings and for sufficient cause, alleged and proved he might have had the judgment vacated. He did nothing. The appellant's attack is unquestionably a collateral attack upon a judicial proceeding, and to make it successful he must show an entire want of power or collusion and fraud between the parties. There is no allegation of want of legal organization in the court, nor want of jurisdiction over the subject-matter or over the parties to the judgment, nor of the loss of jurisdiction once obtained, nor is fraud or collusion alleged. But it is contended that the judgment is absolutely void because the rule of court was not followed. The note and warrant of attorney were received and docketed as the judgment of the court, and as such it must stand unless legally vacated at the instance of a proper party.

" Nothing is better fortified by authority both British and American than that an actual judgment by a court of competent jurisdiction is never to be treated as a nullity in the first instance : " Hauer's Appeal, 5 W. & S. 473.

" A judgment of a justice, for a sum exceeding his jurisdiction, having been docketed, it cannot be treated as a nullity, and even if it could, its validity can only be questioned in a scire facias to revive it by a plea of nul tiel record : " Walker v. Lyon, 3 P. & W. 98.

" A judgment entered on a scire facias post annum et diem based upon a previous judgment that was void, or on one, of which there is no record, is not therefore void, but may be sustained as a new judgment. If the parties to it do not object, strangers cannot complain of it : " Buehler's Heirs v. Buffington, 43 Pa. 278.

The judgment was irregularly entered and was voidable.

But what standing had this appellant to attack its validity? He purchased the land incumbered with the lien of the judgment, and in defending against the appellee's title attacks it on the ground that it was irregularly entered. This he cannot do, for if any rule is firmly established it is that he who purchases land liable to a judgment lien cannot have the judgment vacated for irregularity to avoid the lien. " An actual but irregular judgment entered on the records of a court without authority, can only be reversed on a writ of error, or set aside in the court below, on motion; but only at the instance of the defendant, a stranger or third party has a right to interfere with the judgment, only when it is collusive: " Drexel's Appeal, 6 Pa. 272. This rule has been adhered to in a long line of decisions from Drexel's Appeal to Holshue v. Morgan, 170 Pa. 217. In Edwards' Appeal, 66 Pa. 89, it was said, " The judgment so confessed was good against him and sufficient to continue the lien and nobody else can complain, and he does not." Nor is the rule modified in Woods v. Woods, 126 Pa. 396. In that case the application was by the defendant and nothing in this opinion is intended to deny the right of either plaintiff or defendant to move to vacate a judgment improperly entered.

The force and effect of the sheriff's sale to the appellee, the acknowledgment and delivery of the sheriff's deed for the disputed premises to him cannot be ignored. In McFee v. Harris, 25 Pa. 102, it was said, " after acknowledgment of a sheriff's deed in open court, the title of a sheriff's vendee cannot be affected by mere irregularities however gross." To the same effect is Wilkinson's Appeal, 65 Pa. 189; Atkinson v. Tomlinson, 91 Pa. 284; Hering v. Chambers, 103 Pa. 172; Levan v. Millholland, 114 Pa. 49.

The construction placed upon the rule of court by the learned trial judge in the court below is not without weight, and is entitled to our consideration, for it has been held repeatedly that every court is the best judge of its own rules, and unless we are satisfied that the construction is erroneous we will not reverse the judgment. Upon a careful consideration of the record in this case we are of the opinion that no error was committed and the judgment is affirmed.