## E. M. Sayers *v.* James Bayard, Administrator, 'Appellant.

*Practice, C. P.—Validity of judgment not to be impeached on sci. fa. to revive.*

No exception can be taken to the validity of a judgment sought to be revived either for the purpose of execution or of lien, if it stand in substance or in form on the record as a judgment of the court.

A rule was taken to strike off a judgment for irregularity which was discharged. No appeal was taken. On a sci. fa. to revive defendant set up same matter in defense. *Held,* that defendant submitted no legal defense.

Argued April 19, 1898. Appeal, No. 149, April T., 1898, by defendant, from judgment of C. P. Greene Co., Jan. T., 1893, No. 167, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Sci. fa. to revive judgment. Before CRAWFORD, P. J.

It appears from the record that the pleas entered by defendant were payment and nul tiel record. By leave of court, defendant also filed the following special plea:

" The judgment ordered to be entered on February 11, 1889, is irregular and void for the following reasons:

"1. The defendant died on July    , 1885, and the record does not show any suggestion of death, or any substitution of the heirs or legal representatives of the decedent; nor any notice to them, or either of them; and no such notice was ever given. Hence no jurisdiction attached to said court.

"2. That a scire facias had been issued to No. 131, October term, 1880, to revive and continue the lien of said judgment at No. 382, October term, 1875, which was put at issue and set down for trial; that when the case was called for trial, the defendant being present with his witnesses, and prepared for trial, the plaintiff discontinued the suit, and a part of the costs have since been paid by him, but not all of them."

The court below directed a verdict for plaintiff, reserving the question of law whether or not there is sufficient record of the judgment to entitle the plaintiff to recover for the amount of the claim.

Verdict and judgment for plaintiff for $663.05. Defendant appealed.

*Error assigned* was in directing the jury to find a verdict for the plaintiff.

*D. S. Walton*, of *Buchanan & Walton*, with him *Ray & Axtell*, for appellant.—When the judgment was ordered to be entered by the court nunc pro tunc against Samuel P. Bayard, the defendant, he, Samuel P. Bayard, was dead, and had been dead since July, 1885; the plaintiff knew that fact, and had filed a writing in the case swearing to it; no suggestion of his death, nor substitution of his administrator, nor of his widow and heirs had been made, and no notice had been given them, or either of them, of the pendency of the proceeding. This, we think, should have caused the court to have directed a verdict for the defendant on the ground and for the reason that these facts appear of record. A nunc pro tunc judgment entered under such circumstances would be null and void.

And in some of the states the doctrine appears to be irrevocably settled that a judgment against a person who was dead at the time of its rendition is absolutely null and void: Carter v. Carriger, 24 Am. Dec. 585; Lee v. Gardiner, 26 Miss. 521; Parker v. Horne, 38 Miss. 215; Tarleton v. Cox, 45 Miss. 430; Burke v. Stokely, 65 N. Car. 569; Collins v. Knight, 3 Tenn. Ch. 183; McCreery v. Everding, 44 Cal. 284; Meyer v. Hurst, 75 Ala. 390.

It is said in a recent case in Illinois: "A careful examination of the authorities clearly shows that a judgment by the

common law, in the absence of any statutory provisions on the subject, against a dead person, either natural or artificial, is absolutely void; and the fact that service may have been obtained, or the suit commenced before the death of the party, makes no difference in this respect:" Life Association v. Fassett, 102 Ill. 315, 325.

*Jas. E. Sayers*, for appellee.—There was no question of jurisdiction of the parties and subject, being in the court below.

It is a well settled rule of law in this state that upon a scire facias sur judgment, defendants cannot offer any testimony which questions the legality of the judgment upon which the scire facias was issued, but they may only show payment or matter of equitable defense subsequent to the entry of the said judgment.

In a scire facias upon a matter of record the defendant cannot plead any matter going to impeach the record by showing a supposed defect or illegality in the transaction on which it was founded, nor can there be any allegations against the validity of the record: Lewis v. Smith, 2 S. & R. 142; Davidson v. Thornton, 7 Pa. 128; Huffsmith v. Levering, 3 Wharton, 110; Weaver v. Wible, 72 Pa. 469.

This is a final judgment of the court below of the date of September 9, 1896, from which no appeal was taken. It is a definitive order, leaving nothing else to be done by the court below but to execute the judgment: Transit Co. v. Pipe Line Co., 180 Pa. 224; Yost v. Davison, 5 Pa. Superior Ct. 469; Otterson v. Middleton, 102 Pa. 79.

OPINION BY PORTER, J., July 29, 1898:

The determination of the rights of the parties, as this cause is now presented, is not of such difficulty as at first appears from the size and complications of the record. It is an appeal from a judgment entered on a scire facias to revive. The error assigned is the action of the court in directing a verdict for the plaintiff. At the trial the plaintiff presented the record of the original judgment. The defense offered no evidence, relying upon alleged defects in entering the original judgment on an award of arbitrators, nunc pro tunc, after the death of the defend-

ant. It is not necessary to decide whether this was a fatal irregularity or not, but even assuming that it was, it is difficult to see how it can be used as matter of defense on preceedings to revive. The place to attack the judgment for irregularity was on rule to open or to strike off. The defendant recognized this and took such a rule. It was considered by the court below, and an opinion was filed, holding that the judgment had been properly entered. The defendant took no appeal from the refusal to open or strike off, but now desires to set up the same matter in defense in the proceedings by scire facias to revive.

We think the court below committed no error in directing a verdict for the plaintiff,—the record in evidence disclosing a judgment in form, and the defendant submitting no legal defense.

The opinion of Chief Justice GIBSON, in Davidson v. Thornton, 7 Pa. 128, fully sustains the conclusions here expressed. "No exception can be taken to the validity of a judgment, sought to be revived either for the purpose of execution or of lien, if it stand in substance and in form on the record as a judgment of the court. From the time of Lewis v. Smith, 2 S. & R. 142, to the present day it has been constantly held, with two exceptions when the court were divided, that an erroneous judgment is valid between the parties and those claiming under them till it be set aside on motion, or reversed on writ of error. If the defendant deny the judgment, he fails, if a judgment in form is produced; and he will not be heard if he attempt to show that it ought not to have been rendered."

The judgment of the court below is affirmed.

SMITH, J., concurs in the judgment.