Eiffert, for use, Appellant, *v.* Giessen, Admr., et al.

Argued May 7, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Albert L. Thomas,* of *Thomas & Kiebort,* with him *Leland J. Culbertson,* for appellant.

No appearance was made nor brief filed for appellees.

PER CURIAM, June 24, 1940:

This appeal is from the opening of a judgment entered, as the learned court below says, on June 8, 1939, on a scire facias to revive and bring in the heirs and personal representatives of Anna V. Giessen, one of the defendants, who died in 1934. The original judgment had been entered January 26, 1932, on a warrant to confess judgment contained in a promissory note dated April 1, 1927. That judgment on its face is valid.

The appellees did not appear in this court and have presented no brief or argument in support of the order appealed from. We gather from the opinion filed below that the judgment entered in 1939 was opened to afford opportunity to the defendants to attempt to show that one of the makers of the note, Anna V. Giessen, was a married woman in 1927 and that she had signed as an accommodation maker.

As long as the original judgment stands unimpeached defenses on a scire facias to revive are limited to those arising after entry of the judgment, such as payment or other discharge: *Moll v. Lafferty,* 302 Pa. 354, 359, 153 A. 557; *First National Bank v. Laubach,* 333 Pa.

344, 346, 5 A. 2d 139.   As what was proposed to be shown is not within that rule the order complained of must be reversed, each side to pay its own costs.