## Smith et al., Appellants, *v.* Bald Hill Coal Company.

Argued December 1, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Walter M. Swoope,* of *Chase & Swoope,* for appellants.

*John C. Arnold,* with him *D. Edward Chaplin* and *Dan P. Arnold,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, January 6, 1942:

This is a proceeding instituted by a writ of scire facias to revive and continue the lien of a judgment entered by the prothonotary, in the Court of Common Pleas of Clearfield County, on June 26, 1935, against the Bald Hill Company, a Pennsylvania corporation, allegedly pursuant to an agreement of the parties which has been lost. The notation of the judgment reads as follows: "Lease dated July 1, 1917. By papers filed plaintiffs and defendant do agree that Prothonotary shall enter judgment in favor of plaintiffs and against defendant in the sum of $12,250 with interest and attorney's commission." Frank G. Smith, appellee, who was named and served as terre tenant, filed an answer, objecting that the scire facias was fatally defective because of alleged irregularities in the entry of the original judgment. A motion for judgment of revival for want of a sufficient answer was refused by the court and, after hearing, judgment was directed to be entered in favor of the terre tenant. Judgment having been so entered, we now have this appeal.

The position of appellee, sustained by the court below, is that the original judgment, which he contends was entered pursuant to a warrant of attorney to con-

fess judgment contained in a coal lease executed by the parties on July 1, 1917, is void, because entered without compliance with a rule of court providing that "No judgment shall be entered upon a warrant of attorney more than ten years old and less than twenty years old, except by leave of Court, supported by an affidavit stating that the warrant was duly executed, that the debt is unpaid, and that the debtor is living", as well as for the reason that one of the several parties plaintiff was deceased at the time the judgment was entered, and that he is entitled to take advantage of such irregularities in the present proceeding. Appellants contend, on the other hand, that, since on its face the judgment was entered pursuant to an agreement between the parties, contained in papers filed with the prothonotary, the rule of court referred to is not applicable and that, in any event, the alleged defects in the entry of the original judgment are not available to the terre tenant, as matters of defense, at least on proceedings to revive.

It is a firmly established rule that there may be no inquiry, in scire facias proceedings to revive a judgment, into the validity of the original judgment. "As long as the original judgment stands unimpeached, defenses on a scire facias to revive are limited to those arising after entry of the judgment, such as payment or other discharge": *Eiffert v. Giessen,* 339 Pa. 60, 61. See also *O'Connor v. Flick,* 274 Pa. 521, 523; *Moll v. Lafferty,* 302 Pa. 354, 359; *First Nat. Bk. and Tr. Co. v. Laubach,* 333 Pa. 344, 346. The objections interposed by appellee are not within the rule and could not, therefore, be available, even to the defendant in the original judgment, in the present proceeding. This has been squarely ruled with respect to the objection that at the time of entry of the original judgment one of parties plaintiff was deceased, in *Carr v. Townsend's Exrs.,* 63 Pa. 202, as follows: "Here judgment was entered against the defendant, on his warrant of attorney, in favor of the obligee, Cyrus Townsend, as if in full life. Several years

after this, the executors of Townsend issued a scire facias to revive this judgment, and had it served on the defendant. He appeared and pleaded to the scire facias payment with leave, &c., and under this plea, claimed to show that the judgment had been entered in the name of a dead man. This was an attempt to go behind the judgment. This he could not do, as all the cases show. In fact, to have allowed it, would have been to impugn the record, which imported that the judgment was in favor of a living party. If he had any remedy to reverse the entry of the judgment, it was not this, and so the court properly ruled."

Assuming the fact to be that the original judgment was entered pursuant to a warrant of attorney, without leave supported by an affidavit, as provided by the rule of court, it is equally clear that such irregularity in the entry of the judgment is not available as a matter of defense on the scire facias to revive. Compare *Sayers v. Bayard,* 8 Pa. Superior Ct. 174. In that case it was sought to set up as a defense, in a proceeding to revive, that the original judgment had been irregularly entered nunc pro tunc after the death of the defendant. The court held that this could not be done, stating: "It is not necessary to decide whether this was a fatal irregularity or not, but even assuming that it was, it is difficult to see how it can be used as a matter of defense on proceedings to revive. The place to attack the judgment for irregularity was on rule to open or to strike off." *Seymour v. Hubert,* 92 Pa. 499, relied upon by appellee, is not in point. There the defense of coverture was held to be available in a scire facias proceeding to revive a judgment entered on a note, but only because the defendant in error made no objection to the sufficiency of the plea and accepted the issue tendered. Under these circumstances, he was held to have waived the right to exclude the evidence of coverture. As pointed out in *Lauer v. Ketner,* 162 Pa. 265, that case "does not sustain the broad contention that where the fact of coverture appears on the

record, no matter how it got there, it will be a defense on scire facias. On the contrary the decision is put expressly on the ground that the coverture was pleaded, and instead of demurring or moving to strike off the plea, plaintiff accepted the issue tendered and went to trial upon it, and thereby estopped himself from objecting to proof of the fact. All that that case decided was that if issue be tendered in a special plea, and accepted, the issue must be tried even though the plea would have been demurrable."

The irregularities in the entry of the judgment complained of are, moreover, not of a character such as may be taken advantage of by appellee. Neither the fact that at the time of its entry one of the plaintiffs was deceased nor that it was entered without leave, in violation of the rule of court, would render the judgment void, but voidable only. It was distinctly held in *Carr v. Townsend's Exrs.,* supra, that a judgment was not fatally defective because taken in the name of a deceased party. This Court there said: "No authority has been shown for the position taken in this case, that judgment taken or entered in favor of a deceased party is a nullity. Even a judgment against a deceased party is not so." And, in *Milleisen v. Senseman,* 4 Pa. Superior Ct. 455, the same conclusion has been reached in considering the effect upon the judgment of an omission to comply with a rule of court identical in its requirements with that allegedly violated in entering the judgment here involved. See also *Woods v. Woods,* 126 Pa. 396. The original judgment being, at most, voidable, and not void, by reason of the defects pointed to, it may be that it could have been avoided at the instance of the defendant therein, but its validity cannot be contested by third parties in the position of appellee, strangers to the original proceeding, who may interfere only to disturb and contest void judgments or those which are founded on fraud and for that reason are treated as having no existence. See *Davidson v. Thornton,* 7 Pa. 128; *Roemer v. Denig,* 18 Pa. 482;

*Brundred v. Egbert,* 164 Pa. 615; *Milleisen v. Sense-man,* supra; 7 Stand. Pa. Prac., p. 11. The fact that it is not the defendant in the original judgment, but one in the position of terre tenant, who seeks, in the present proceeding, to avail himself of the alleged defects and irregularities in the entry of the judgment thus gives rise to an additional reason why the judgment of the court below cannot be sustained.

Since, as appears from the record, there has been no substitution of the personal representative of one of the parties named in the scire facias, who was deceased at the time of its issuance, we will not here enter judgment for appellants, but will reverse the judgment, with leave to amend, and remand the record to the court below with directions that, upon the necessary amendment being made, the court shall enter judgment of revival in favor of appellants on the scire facias.

The judgment is reversed and the record is remanded to the court below for further proceedings consistent with this opinion.