# Weller Brothers v. Henrie

*Daniel W. Kearney* and *Frederick E. Lark*, for plaintiff.

*Robert V. Moser*, for defendant.

TROUTMAN, J., September 27, 1948.—On August 9, 1926, plaintiffs caused to be entered and filed in the Court of Common Pleas of Northumberland County, to no. 684, September term, 1926, a transcript of a judgment of a justice of the peace in the sum of $172.22, with interest from October 12, 1925.

On November 21, 1938, a scire facias to revive the aforesaid judgment was issued to no. 392, December term, 1938, returnable December 12, 1938. An affidavit of defense was filed by defendant to the writ of scire facias, which has never been disposed of.

On October 22, 1947, plaintiffs caused to be issued a writ of scire facias to revive and continue the lien of judgment no. 392, December term, 1938, which was made returnable November 17, 1947, and entered to no. 208, December term, 1947. To this writ, defendant filed a petition for rule to show cause why the judgment entered to no. 684, September term, 1926, should not be stricken off or to open the said judgment and allow petitioner into a defense, assigning as a reason therefore that the entry of the said writ of scire facias to no. 208, December term, 1947, was without any warrant or authority in law or in fact inasmuch as no disposition had been made of the matter pending the filing of the affidavit of defense to the writ of scire facias entered to no. 392, December term, 1938. An answer was filed by plaintiffs in which they alleged that the affidavit of defense filed to the previous writ of scire facias to revive was not a proper defense to said writ and in their answer moved the court to strike off the affidavit of defense filed December 12, 1938. The parties have submitted the petition and rule and the motion to strike off to this court for disposition on the record, without the taking of additional testimony and without argument.

A review of the record indicates that both writs of scire facias were issued long after the five-year period of limitation for the revival of judgments had expired. Consequently, such revival binds only what defendant possessed at the time of its revival: Ackerman v. Serr, 16 Erie 1. When a scire facias to revive issues more than five years after its entry, the judgment lapses and loses its priority, but, upon issuance of the writ of scire facias a new lien attaches to all property then owned by defendant in the judgment and the reviving judgment is a valid lien against defendant's realty: Sivak Estate, 161 Pa. Superior Ct. 323. The issuance

of the first writ of scire facias revived the judgment from the date the writ was issued.

The first question which arises in this case is whether a second writ of scire facias to revive could be validly issued while the first writ of scire facias remained undisposed of. When the first scire facias was issued defendant filed an affidavit of defense the disposition of which is now pending. Almost nine years later another writ of scire facias was issued referring to the previous writ and the original judgment.

We are of the opinion that plaintiffs had the right to issue a new writ of scire facias even though a previous writ was still pending. The Judgment Lien Law of July 3, 1947, P. L. 1234, sec. 3 (c), provides that if no judgment of revival has been entered on the writ of scire facias, such lien shall continue only for a period of five years from the date on which the writ of scire facias to revive was indexed, unless the same is again revived as provided in this act. Practically the same provisions are contained in the prior statutes. Under the Act of June 1, 1887, P. L. 289, sec. 1, 12 PS §868, where there is no entry of judgment on the scire facias to revive, the lien is only effective for a period of five years from the day on which such scire facias had been issued. Clearly, this act contemplates the issuance of a subsequent writ of scire facias to revive even though the prior writ of scire facias has not been disposed of and no judgment has been entered thereon. Since this judgment was entered and the prior writ of scire facias was issued prior to the Act of July 3, 1947, supra, the provisions of the Act of June 1, 1887, supra, are applicable and under the provisions of that act the only way a judgment lien could be continued would be by the issuance of successive writs of scire facias within each five-year period. While the writs in this case were not issued within the five-year period, and while the lien of plaintiffs might have been jeopardized

by their failure to issue writs within the five-year period, nevertheless, the fact that the second writ was issued beyond such period would in no way affect their right to have a second writ issued while the first writ was pending. The Act of 1947, supra, contains a provision that if a writ of scire facias is in litigation and is undisposed of at the end of the five-year period, the court may continue the lien for a period of not more than five years. Consequently, we are of the opinion that plaintiffs had the right to issue the writ of scire facias to no. 208, December term, 1947, even though no judgment had been entered upon the prior writ of scire facias.

The next question which arises in this case is that of the affidavit of defense which was filed to the first writ of scire facias issued on November 21, 1938. Plaintiffs in their answer to defendant's petition and motion to strike off move that the affidavit of defense filed to the aforesaid writ of scire facias be stricken off. The proper procedure would have been for plaintiffs to move for judgment for want of a sufficient affidavit of defense to the writ. However, since both parties have submitted this matter to the court for the purpose of resolving all questions involved, we will consider plaintiffs' motion. The affidavit of defense filed to no. 392, December term, 1938, avers that the judgment against defendant was entered illegally upon a transcript of the justice of the peace because the said justice of the peace had failed to give defendant any notice of the entry of said judgment and it further avers that defendant is not indebted to plaintiffs in any sum whatsoever and did not contract for the purchase of any merchandise, the charges for which make up the amount of the judgment.

We are of the opinion that the affidavit of defense is totally insufficient and does not raise matters of defense which may be properly raised on a writ of

scire facias to revive the judgment. On a scire facias sur judgment no defense is available unless it arose subsequently to the entry of the judgment, as, for example, payment: First National Bank and Trust Co. v. Laubach et al., 333 Pa. 344, 346. The only defense that can be set up in a proceeding on a scire facias to revive a judgment is the denial of the existence of the judgment or an allegation of payment or discharge, and under no circumstances can the merits of the original judgment be inquired into: Shelinski v. Obrekes et ux., 97 Pa. Superior Ct. 340; Curry v. Morrison, 40 Pa. Superior Ct. 301; Smith v. Bald Hill Coal Co., 343 Pa. 399, 401.

In Vichosky v. Boucher, 10 Fayette 61, the court held that in a scire facias on a transcript of a judgment of the justice of the peace, the fact that the judgment was fraudulently entered and obtained, is not a defense; that the only defenses that can be made are denial of the existence of the judgment and proof of a subsequent payment, satisfaction or discharge thereof. A careful reading of the justice's transcript in the present case indicates that there was no error in the proceedings before the justice, and on its face, a valid judgment was entered. The defenses which defendant sought to raise in her affidavit of defense are matters which properly should be raised on an appeal or on a writ of certiorari. Certainly the question as to liability cannot be raised on a scire facias proceeding. As to lack of notice of the judgment, that matter might have been a proper complaint on a writ of certiorari. See Magnotta v. Grancey, etc., 48 D. & C. 194. Clearly defendant's affidavit of defense is insufficient and does not raise defenses which can be considered on a writ of scire facias to revive a judgment and therefore the affidavit of defense must be stricken from the record.

In the petition filed by defendant, the court is asked to strike the judgment entered to no. 684, September

term, 1926, from the record or open the same and allow defendant to enter into a defense. Under the present state of the record, there is no merit in defendant's motion or rule to strike the original judgment from the record. Inasmuch as we have concluded that the affidavit of defense must be stricken from the record, plaintiffs are entitled to judgment on the original writ of scire facias. As to the second writ of scire facias there having been no affidavit of defense filed to the same and inasmuch as defendant's motion to strike off the judgment cannot prevail, plaintiff's are entitled to judgment on the writ of scire facias entered to no. 208, December term, 1947. The court cannot entertain the petition and rule to show cause why the judgment should not be opened and defendant allowed to enter a defense, for the reason that the petition does not contain any averments as to any defense which defendant might have to the original judgment. Frankly, if such request is based on the averments contained in the affidavit of defense to the first writ of scire facias, we are of the opinion that it would be impossible for the court to open the judgment. In Lacock v. White, 19 Pa. 495, 498, it was held that the court of common pleas has no power to open a judgment entered on a transcript of a judgment by a justice of the peace, filed in court as a lien, and to let defendant into a defense.

## Order

And now, to wit, September 27, 1948, defendant's motion and rule to show cause why the judgment entered to no. 684, September term, 1926, should not be stricken off or be opened and allow defendant to enter into a defense is overruled; plaintiff's motion to strike off the affidavit of defense is allowed and judgment is hereby directed to be entered in favor of plaintiffs and against defendant in the writ of scire facias sur judgment to no. 392, December term, 1938, and judgment

is hereby directed to be entered in favor of plaintiffs and against defendant in the writ of scire facias sur judgment to no. 208, December term, 1947. Costs are to be paid by defendant.