**Toscano v. A. Bassaner Ltd.**

488

*Brett A. Datto* and *Sandra G. Torgat*, for plaintiffs.
*Charles T. Kovler*, for defendants.

CEISLER, *J.*, August 18, 2013—

## I. FACTS AND PROCEDURAL HISTORY

Defendants Andrew Bassaner et. al., file an appeal of this court's order of June 10, 2013 granting of plaintiffs' motion for judgment on writ of revival.

The genesis of this appeal began approximately thirteen years ago in 2000 when Frank and Cheryl Toscano (hereinafter "plaintiffs") contracted with a number of moving companies and their principal, Andrew Bassaner, (hereinafter "defendants") to move plaintiffs' belongings from one residence to another. Defendants' verification of defense or answer to plaintiff's writ of revival, p.1 (hereinafter "defendants' answer").[1]

---

1. Defendants' titled their filing, "Defendant's Verification of Defense or Answer to Plaintiff's Writ of Revival" and likewise referred to defendants in the singular in other filings. However, these pleadings

On June 26, 2000, defendants loaded plaintiff's belongings onto defendant's moving truck with the understanding that these items would be delivered to plaintiffs' new residence on June 31, 2000. However, defendants failed to appear at plaintiffs' residence on June 31, 2000. Plaintiffs' reply brief in further support of plaintiffs' judgment on the pleadings or alternatively, to strike defendants' verification of defense or answer to plaintiffs' writ of revival and enter judgment, ex. B. pp. 8-9 (hereinafter "plaintiffs' reply brief"). Despite plaintiffs' repeated phone calls and promises from defendants that the property would be delivered as soon as possible, defendants' truck did not arrive at plaintiff's new residence until August 10, 2000. *Id.* at 10-12. Plaintiffs examined the contents of the truck and found that a large number of their items were missing. Plaintiffs filed a report with the Philadelphia Police Department. *Id.* at 13.

Shortly thereafter, the police informed plaintiffs that defendant Andrew Bassaner had been arrested for theft. As it turned out, the defendant's had illegally sold the personal property of over one hundred (100) victims who had entrusted the defendant moving company to move their personal belongings. Plaintiffs' motion for judgment on the pleadings or alternatively, to strike defendants' verification of defense or answer to plaintiffs' writ of revival n.2 (hereinafter "plaintiffs' motion for judgment on the pleadings").

On August 20, 2000, the plaintiffs accompanied the police to the defendants' disorganized and rat-infested

were, at all times, filed on behalf of *all* defendants. For purposes of clarity, this court hereinafter corrects defendants' filing titles to reflect this.

warehouse in an attempt to locate and hopefully recover their property. Plaintiffs were able to locate only a few items, all of which were damaged. Plaintiffs' reply brief, ex B.p. 15. Despite subsequent visits, plaintiffs were able to recover only a third of the items they had entrusted to defendants. *Id.*

Pursuant to the terms of the agreement signed by the plaintiffs and defendants, plaintiffs filed an arbitration action against defendants through the American Arbitration Association. Defendants' answer, ex. 2. In July 2001, there was a four day arbitration hearing during which plaintiffs produced evidence to support the nature and extent of their losses, as well as the deceptive business practices of defendants. On November 7, 2001, the arbitrator awarded the plaintiffs $177,675.00. in damages against the defendants. Plaintiffs' preliminary objections to defendants' preliminary objections to the service of writ of revival, ¶¶2-4.

On April 4, 2002, defendant Andrew Bassaner pled guilty to 174 criminal charges related to his numerous thefts as principal of the moving companies, and was sentenced to 2-4 years of incarceration followed by twenty-one (21) years of probation. In addition, defendants were ordered to pay over $1 million in fines and restitution.[2] Plaintiffs' motion for judgment on the pleadings, n.2. Though judgment on plaintiffs' arbitration action against defendants was entered on April 22, 2005 and confirmed on June 10, 2005, plaintiffs decided not to pursue collection efforts on the judgment as they believed it was unlikely

---

2. *Com. v. Bassaner*, CP-51-CR-0405441-2001.

defendants would be able to pay. Plaintiffs' preliminary objections to defendants' preliminary objections to the service of writ of revival, ¶¶2-4; plaintiffs' motion for judgment on the pleadings, ¶14.

On January 23, 2013, plaintiffs' attorney received a phone call from a Florida attorney seeking additional information on defendant Andrew Bassaner. Plaintiffs' motion for judgment on the pleadings, affidavit ¶6. Through this conversation, plaintiffs' attorney discovered that defendant Bassaner was living in central Florida under an alias name, and apparently had significant financial resources. For example, defendant was renting a home for $14,000 a month and driving a luxury car. *Id.* After learning of this, plaintiffs filed a praecipe for writ of revival of judgment (hereinafter "the writ") on January 24, 2013. *Id.* at ¶7. On February 14, 2013, the writ of revival was served on defendant Bassaner while he was attending violation of parole hearing in an office at the Adult Probation and Parole Department. Defendants' answer, p.5.

On April 15, 2013, defendants filed their answer to the writ of revival (hereinafter "answer") arguing that the writ should be stricken because plaintiffs had committed insurance fraud and that the service of the writ was improper. In the answer, the defendant also requested that the plaintiffs be sanctioned for the filing of the writ and serving it at defendant's parole violation hearing. *Id.* On May 14 & 31, 2013 respectively, defendants filed two supplementary answers to their initial answer to the writ. defendants' manner of filing its two supplementary answers failed to comply with Pa.R.C.P. 1033, which

requires a party to attain the consent of the adverse party or leave of court before filing an amended pleading.

In their original answer, and procedurally improper amended answers, defendants assert that the judgment had been satisfied because the plaintiffs had recovered some of their property and/or that plaintiff's losses were covered either by plaintiffs' insurance company; that defendant Andrew Bassaner was not a party to the original hearing; and that plaintiffs had signed a general release.[3] defendants' supplemental verification of defense to the writ of revival, ¶1 (hereinafter "defendants' first supplementary answer"); defendants' supplemental verification of defense in the nature of new matter to the writ of revival, ¶1 (hereinafter "defendants' second supplementary answer"). Plaintiffs replied to the supplementary answers on June 3, 2013, disputing the supplementary answers on substantive and procedural grounds.

On June 10, 2013, this court granted plaintiffs' motion for judgment on writ of revival and ordered the prothonotary to enter judgment against defendants.

On July 2, 2013, defendants appealed the matter to the Superior Court of Pennsylvania. On the same day, this court directed defendant to provide a statement of errors pursuant to Pa.R.A.P. 1925(b), the response to which was filed on July 19, 2013.

## II. DISCUSSION

---

3. Defendants' manner of filing its two supplementary answers failed to comply with the Pennsylvania Rules of Civil Procedure, which require a party to attain the consent of the adverse party or leave of court before filing an amended pleading. *See* Pa.R.C.P. 1033.

As an initial matter the court points out that the defendants' statement of errors is decidedly not concise and raises twenty issues, many of them repetitious.[4] Courts have considered inordinately long and unclear statements of error to be sufficient grounds to find that the filing party has waived its issues. *See, e.g., Tucker v. R.M. Tours,* 939 A.2d 346 (Pa. Super. Ct. 2007); *Kanter v. Epstein,* 866 A.2d 402 (Pa. Super. Ct. 2004). Furthermore, "[e]ven if the trial court correctly guesses the issues appellant raises on appeal and writes an opinion pursuant to that supposition, the issue is still waived." *Com. v. Heggins,* 809 A.2d 908, 911 (Pa. Super. Ct. 2002).

Notwithstanding this, this court respectfully requests that the instant appeal be denied for the following reasons:

1. Defendants did not raise any of the cognizable defenses in a proceeding to revive a judgment lien in its original answer.

2. Defendants failed to follow the Pennsylvania Rules of Civil Procedure in submitting its supplementary answers.

It is well-established that "in a proceeding to revive a judgment, the courts will not entertain any inquiry into

---

4. This court calls attention to a quotation often referenced by Pennsylvania courts: "[W]hen I read an appellant's brief that contains ten or twelve points, a presumption arises that there is no merit to any of them. I do not say that it is an irrebuttable presumption, but it is a presumption nevertheless that reduces the effectiveness of appellate advocacy. Appellate advocacy is measured by effectiveness, not loquaciousness." *United States v. Hart,* 693 F.2d 286, 287 (3d Cir. 1982). *See, e.g., Com. v. Williams,* 782 A.2d 517, 536 (Pa. 2001); *Com. v. Ellis,* 626 A.2d 1137, 1141 (Pa. 1993); *Estate of Lakatosh,* 656 A.2d 1378, 1380 (Pa. Super. Ct. 1995); *Com. v. Phillips,* 580 A.2d 840, 841 (Pa. Super. Ct. 1990).

the merits of the original judgment. *PNC Bank, Nat. Ass'n v. Balsamo*, 634 A.2d 645, 649 (Pa. Super. Ct. 1993). In fact, courts have explicitly rejected the idea that a writ of revival opens the door for attacks on the merit of the original judgment. *See Triangle Building Supplies and Lumber Co. v. Zerman*, 363 A.2d 1287 (Pa. Super. Ct. 1976). Defenses to a writ of revival "are limited to those arising after entry of the judgment, such as payment or other discharge." *Smith v. Bald Hill Coal Co.*, 23 A.2d 466, 467 (pa. 1942). *See also Balsamo*, 634 A.2d at 645 ("The only cognizable defenses in a proceeding to revive a judgment lien are that the judgment does not exist, has been paid or has been discharged.") A party waives any defense not raised in its answer to the writ of revival. Pa.R.C.P. 1032.

Defendants raise multiple defenses that are not cognizable under the law including the following:

1. Defendant Andrew Bassaner was not a party to the original arbitration, defendants' statement of errors complained of PA.R.C.P. 1925(b), ¶13 (hereinafter defendants' statement of errors),

2. Plaintiffs committed fraud, *Id.* at ¶¶4-5,7,11,18-19,

3. Plaintiffs' counsel committed insurance fraud, concealment, and civil conspiracy, and plaintiff's counsel is a "sneak". *Id.* at ¶¶4, 15-18.

Defendants argue that these claims are defenses to the writ and that the court should not have entered judgment before permitting discovery to uncover this fraud and misconduct. *Id.* at ¶¶1, 19-20. However, as the law clearly

states, defendants' arguments are improper attempts to challenge the validity of the original judgment itself. For this reason, defendant's appeal should be denied.

Defendants also argue that, while they may have failed to raise a cognizable defense in the original answer, cognizable defenses were provided in their supplemental answers. Specifically, that plaintiffs' partial recovery of their lost property, as well as the compensation plaintiffs received from their insurance company, amounted to a satisfaction of the judgment against defendants. *Id.* at ¶1. Defendants' first supplementary answer ¶1. Defendants also argued that the release plaintiffs signed was general in nature, and therefore it extinguished plaintiffs' ability to pursue any claims against defendants. Defendants' statement of errors, ¶11. *See* defendants' second supplementary answer, ¶1. However, the Pennsylvania Rules of Civil Procedure require a party who wishes to amend an answer to obtain either leave of court or consent of the adverse party. Pa.R.C.P. 1033. Defendants docketed the two supplemental answers without the consent of the adverse party or leave of court.

As defendants failed to raise cognizable defenses in their original answer, and subsequently failed to follow proper procedural rules in submitting two amended answers, this court properly granted plaintiffs' motion for judgment on writ of revival.

## III. CONCLUSION

For the aforementioned reasons, this court respectfully requests that the instant appeal be denied.