## Carr *versus* Townsend's Executors.

1. A judgment in favor of or against a dead man is not a nullity.

2. In a scire facias on a judgment, the defendant cannot go behind the original judgment.

3. A judgment was entered in favor of C., he at the time being dead: the record imported that he was living, and to allow the contrary to be shown would have impugned the record.

November 10th 1869. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county*: No. 105, to October and November Term 1869.

This was a scire facias sur judgment issued to April Term 1862, by Owen S. Coffin and Cornelia Townsend, executors, &c., of Cyrus Townsend, deceased, against Robert Carr.

The original judgment was entered March 6th 1862, in the name of Cyrus Townsend against Robert Carr. The defendant pleaded payment with leave, &c.

On the trial the defendant gave evidence that at the time of the entry of the original judgment, Cyrus Townsend the plaintiff was dead. They submitted two points, viz. :—

1. The judgment, entered in the name of a dead man, cannot be revived, but the remedy of the executors of C. Townsend is by an action of debt on the bond.

2. That a judgment entered in the name of a dead man is a nullity.

The court (Kirkpatrick, J.) refused these points and charged:—" We instruct you, as a matter of law, that under all the evidence submitted in this case, the plaintiffs are entitled to recover. The amount you will discover from the testimony submitted."

The verdict was for the plaintiffs for $729.

On the removal the case to the Supreme Court, the defendants assigned the instructions of the court for error.

[Carr *v.* Townsend's Executors.]

*R. & S. Woods,* for plaintiff in error.

*M. W. Acheson,* for defendants in error, cited : Lewis *v.* Morgan, 11 S. & R. 234; Abbott *v.* Lyon, 4 W. & S. 38; Warder *v.* Tainter, 4 Watts 270; Coleman *v.* McAnulty, 16 Missouri 177; Yaple *v.* Titus, 5 Wright 195.

The opinion was delivered November 22d 1869.

PER CURIAM.—No authority has been shown for the position taken in this case, that judgment taken or entered in favor of a deceased party is a nullity.  Even a judgment against a deceased party is not so: 4 Watts 270; 5 Wright 195; 16 Missouri Reports 177; here judgment was entered against the defendant, on his warrant of attorney, in favor of the obligee, Cyrus Townsend, as if in full life.  Several years after this, the executors of Townsend issued a scire facias to revive this judgment, and had it served on the defendant.  He appeared and pleaded to the scire facias payment with leave, &c., and under this plea, claimed to show that the judgment had been entered in the name of a dead man.  This was an attempt to go behind the judgment.  This he could not do, as all the cases show.  In fact, to have allowed it, would have been to impugn the record, which imported that the judgment was in favor of a living party.  If he had any remedy to reverse the entry of the judgment, it was not this, and so the court properly ruled.  In this view of the case, the other assignments of error are immaterial.

Judgment affirmed.