## Klemstine v. Allen.

No appearance for plaintiff.

*Frank P. Barnhart*, for defendant.

EVANS, P. J., December 15, 1930.—The exceptions filed in this case complain that because the plaintiff died after suit brought, but before hearing and judgment, the judgment of the magistrate in favor of the estate of the plaintiff and against the defendant should be set aside.

It appears from the record of the magistrate that on the day set for the hearing, the plaintiff, William Klemstine, died, and the hearing was continued until a later date, when the widow of the plaintiff appeared in court, together with witnesses; that the magistrate heard the testimony upon the part of the plaintiff to the effect that certain labor had been done by the plaintiff for the defendant; and that the defendant also appeared and gave testimony denying she owed the claim, and contending that it had been paid in full. After hearing, the justice of the peace entered judgment in favor of the plaintiff in the sum of $5.25. Later, an execution was issued, but the magistrate's docket shows "levy withdrawn."

It is the contention of counsel for defendant that because the plaintiff died prior to the hearing and entry of judgment, the judgment entered is absolutely void.

It is said in Carr *v.* Townsend's Exec'rs, 63 Pa. 202, 203: "No authority has been shown for the position taken in this case, that judgment taken or entered in favor of a deceased party is a nullity."

The Act of February 24, 1834, P. L. 70, section 26, provides that the "executors or administrators of any person who at the time of his decease was a party, plaintiff, petitioner, or defendant, in any action or legal proceeding

depending in any court of this Commonwealth, shall have full power, if the cause of action doth by law survive to them, to become party thereto, and prosecute or defend such suit or proceeding to final judgment or decree, as fully as such decedent might have done if he had lived."

In 1 Freeman on Judgments (5th ed.), 884, § 406, it is said: "If the plaintiff is merely one in whose name an action is prosecuted for the benefit of another, and the defendant, knowing this, does not plead the fact of plaintiff's death, but suffers judgment, he cannot avoid it afterwards on account of such death." In the case of Reist, Admin'r, v. Heilbrenner, 11 S. & R. 131, 132, Mr. Justice Duncan says, among other things: "There was no occasion then for the rule, and as the legislature had in fact, though not in express words, preserved the action from abatement, by death, the court could not enter [order] it abated, for the act considers the cause depending, after the death of the party. It provides, that if a plaintiff shall die, before final judgment, his executor or administrator, shall have power to prosecute the action, until final judgment, and the court before which such cause is *depending*, is empowered to determine it, and render a judgment. This likewise is the language of the rule of court: 'In all cases *now pending*, if the plaintiff be dead, his executor or administrator,' &c. So that actions which do not die with the person, but survive to his executor or administrator, are not abated; and if the law does not abate them, the court can render no judgment of abatement. If the action does not abate at the death of the plaintiff, it never afterwards does; but if the defendant chooses to have the action disposed of, he can, by suggesting the death of the plaintiff, bring his representatives in on process, and have final judgment."

In the present case, there is no question but that the death of the plaintiff, William Klemstine, did not abate the action, and, at the continued hearing, the widow, according to the record, appeared in behalf of her deceased husband and the defendant personally appeared. The defendant might well have declined to proceed until some representative of the estate so appeared upon the record against her, that costs might have been recovered, but instead the defendant proceeded with the trial on the merits, and, after hearing, the magistrate entered judgment in favor of the plaintiff's estate in the sum of $5.25. The defendant having seen fit to proceed with the trial without having a representative of the estate properly appear upon the record, she is estopped from now contending that the judgment is invalid. It is true that she may object to the issuing of an execution until a proper representative of the deceased appears upon the record, for, to permit an execution now would permit the collection of money by someone without any protection against the defendant again being required to pay it over to a proper representative of the estate. No execution should be issued on this judgment until an administrator or executor appears and is entered thereon as a representative of the estate of the deceased.

Some question may be raised as to whether or not a judgment in favor of the estate of a person is a good judgment. While we are not able to point to any particular case on this question, we are aware that it is not uncommon to have contracts made for the benefit of the estate of a deceased and to accept notes made in favor of the estate of the deceased. We see no good reason why a judgment entered in favor of the estate of a deceased person is not a perfectly good and valid judgment, with the qualification that execution may be issued upon such judgment only after a proper legal representative has appeared upon the record and caused the same to issue. We, therefore, are of the opinion that the record of the magistrate in so far as entry of the

judgment in favor of the plaintiff's estate is concerned should be sustained, subject, however, to the qualification and limitation that no execution should be issued thereon until a proper legal representative of the estate appears and is entered upon the record and causes the execution to issue.

And now, December 15, 1930, after due consideration, exceptions overruled and judgment of the magistrate sustained, subject to the qualification and limitation that no execution shall be issued thereon until a proper legal representative of the deceased's estate shall have his or her appearance entered upon the record and the execution directed by such legal representative.

From Henry W. Storey, Jr., Johnstown, Pa.