National Central Bank, Appellant, *v.* Abramson.

*Morris R. Brooke,* with him *Joseph C. Bright, Jr.,* and *Drinker, Biddle & Reath,* for appellant.

*Simon J. Denenberg,* with him *Abramson & Denenberg,* for appellee.

OPINION BY CERCONE, J., March 27, 1973:

This is an appeal by the appellant bank from the lower court's striking from the record a judgment confessed on a note executed by appellee Benjamin Abramson in the amount of $50,000 "plus interest".

Abramson had petitioned the court below to strike the judgment from the record or in the alternative to open it so as to permit a defense.

Judgment had been confessed by the appellant bank for the face value of the note plus interest in the amount of $8,218.23, which represented interest at 9½% and 9%. It was the inclusion of this interest which the lower court found fatal to the bank's confession of judgment, the lower court reasoning "there was no authority on the face of the note for the inclusion of interest", and "that a judgment that included a grossly excessive amount of interest based upon instruments dehors the note" constituted an improper use of the warrant of attorney contained in the note.

It is our opinion, however, that neither the facts nor the law support this reasoning of the lower court. The judgment note on its face very clearly provides for the payment of the face amount "plus interest". There was no contradiction in the evidence of the fact that the parties knew and agreed that the interest was to be in the amount of 1% above the prime rate charged by the bank. Nor does the law support the lower court's conclusion. The lower court was attempting to apply the restrictions on the Prothonotary's authority to enter a judgment under the Act of February 24, 1806, P. L. 334, 4 Sm. L. 270, §28, as amended, 12 P.S. §739, which statute has no applicability to a confession of judgment by complaint, the method of confession employed in this case. The distinction between the authority of the Prothonotary to enter a judgment under the 1806 Act and his ministerial act in entering judgment upon complaint was clearly noted and carefully reasoned in the case of *Noonan, Inc. v. Hoff,* 350 Pa. 295 (1944), wherein Justice Horace STERN (later Chief Justice), in speaking for the majority of the Court, stated that when there is a confession of judgment upon complaint the Prothonotary in entering the judgment is not acting in pursuance of the duty imposed upon him by the Act of 1806, but is acting in a ministerial capacity in behalf of the defendant, pursuant to the authorization

contained in the note. The Court there concluded: "It was therefore not necessary that any of the requirements of the Act of 1806 should have been observed" and that "if the amount was overstated or the claim for interest or collection fees was unjustified defendant's remedy was by a rule to open the judgment, not to strike it off."

The court below, therefore, clearly erred in striking off the judgment because (1) interest was payable under the terms of the note; (2) the uncontradicted evidence revealed the rate of the interest to be included on the note was 1% above the prime interest rate of the bank (9 and 9½%); and (3) even if the interest had been improperly included or improperly assessed, such error would not have constituted a ground for striking off the judgment entered on complaint and not under the Act of 1806.

Nor do we find any ground for remanding the case to the court below for determination of appellee's alternative request for relief, the opening of the judgment. The record, even assuming as true all the evidence in favor of appellee and drawing all inferences from the evidence favorable to him, presents no valid reason for the opening of the judgment. As before stated, the amount of interest, as already shown by the evidence, was properly calculated at 1% above the bank's prime interest rate in accordance with the agreement of the parties. As to a novation or a release of the appellee, in whole or in part, from his obligations under the note, the evidence not only fails in proof of such claims but the correspondence and the acts of the parties clearly reveal there was no such novation or release. Nor does the record support any claim of equitable circumstances which would cause the 15% collection fee agreed upon in the note to be regarded as an unreasonable and therefore unenforceable penalty.

Accordingly, the order of the court below is reversed and defendant's petition to strike or, in the alternative, to open the judgment confessed against him, is ordered dismissed.

SPAULDING, J., concurs in the result.

JACOBS and HOFFMAN, JJ., dissent.