Central Penn National Bank, Appellant, *v.*
Fleischmann Baking Co., Inc.

Argued September 19, 1973.   Before WRIGHT, P. J.,
WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ.
(SPAULDING, J., absent).

*Richard M. Shusterman,* with him *White & Williams,* for appellant.

*Rudolph J. DiMassa,* for appellee.

OPINION BY JACOBS, J., November 16, 1973:
The lower court struck off a judgment entered by
confession and the plaintiff in that judgment appeals.

We reverse and remand for consideration of appellee's motion to open the judgment.

On January 7, 1972, appellant filed a complaint and entered judgment against appellee in the amount of $155,223.53, consisting of principal of $147,023.30, interest of $808.63, and attorney's fees of $7,391.60. Judgment was entered by an attorney who appeared for appellee and confessed judgment as authorized by mortgage note dated August 20, 1962, attached to the complaint. The mortgage note was in the principal sum of $180,000.00, to be paid in 84 equal installments including interest at the rate of $5\frac{1}{2}\%$ per annum. It was signed by the appellee and empowered any attorney "to appear for and to confess Judgment against it and in favor of said holder, its Successors or Assigns, . . . for the debt evidenced by this note with interest thereon . . . together with costs of suit and an Attorney's fee of 5% . . . for collection . . . ." The complaint alleged that the principal sum was due and owing with interest, but made no reference to the rate of interest charged.

Appellee petitioned to strike or open the judgment, alleging that on September 1, 1965, the unpaid principal of the mortgage was $147,023.30; that payments of rent on a certain lease had been made to appellant which should have been applied to the mortgage debt and interest; and that interest had been charged at a higher rate than that authorized in the mortgage. In its answer to the petition, appellant admitted that the balance on the mortgage was $147,023.30 on September 1, 1965, but alleged that all rents received after that date were, by virtue of agreements, properly applied to taxes, insurance, and other debts of appellee and its successors in title. It further alleged that by agreement of appellee and other involved parties the interest charged on the mortgage was raised to $1\frac{1}{2}\%$ above the prime rate charged commercial customers from and after Au-

gust 1, 1968. Exhibits were filed and depositions taken by both parties to support their allegations.[1]

In its opinion supporting its action, the lower court, citing *Northway Village No. 3, Inc. v. Northway Properties, Inc.*, 430 Pa. 499, 244 A.2d 47 (1968), correctly states the general principle that on a petition to strike a confessed judgment the court is limited to a consideration of matters which appear on the face of the record. The lower court then found that the appellant entered judgment for an amount of interest which did not correspond to the interest set forth on the face of the mortgage note; specifically that interest had been confessed at 1½% above prime rather than at 5½% as authorized by the note.

Neither the face of the record nor the depositions support the lower court's finding. The face of the record does not indicate the rate of interest used in computing the $808.63 for which judgment was entered. In his deposition, William J. Lee, a vice-president of the appellant at the time judgment was entered, testified that such interest was computed at the rate of 5½% as called for in the mortgage note. In view of this testimony, the judgment could not be stricken because otherwise being regular on its face it could be stricken only for a fact admitted or not questioned. *Exler v. American Box Co.*, 226 Pa. 384, 75 A. 661 (1910); *Stevenson v. Virtue*, 13 Pa. Superior Ct. 103 (1900).

A review of the record indicates that the appellee questions the validity of a certain agreement permitting the appellant to increase the interest rate during the course of the loan and appellant's right to apply certain assigned rents in payment of taxes, sewer rents, water rents, and other obligations of the appellee. Appellant asserts that all charges and allocations made by it were authorized by appellee. Appellee's allegations would at most support an appeal to the equitable side of the

---

[1] The printed record contains 674 pages.

court to open judgment. This case is clearly a dispute as to the amount owed and the rate of interest charged prior to the entry of judgment and is ruled by *Noonan, Inc. v. Hoff,* 350 Pa. 295, 38 A.2d 53 (1944), and *National Central Bank v. Abramson,* 224 Pa. Superior Ct. 89, 302 A.2d 384 (1973).

In *Noonan* the Court discussed the exercise of a warrant of attorney to confess judgment by having an attorney confess judgment on behalf of the defendant. After pointing out that no particular phraseology is required in confessing judgment, but that the substance rather than the form is important, the Court said: "Plaintiff's affidavit set forth the amount paid on account and the balance alleged to be due; if the amount was overstated or the claim for interest or collection fees was unjustified defendant's remedy was by a rule to open the judgment, not to strike it off." *Noonan, Inc. v. Hoff,* supra at 299, 38 A.2d at 55. We reiterated this principle in *National Central Bank v. Abramson,* supra. There the judgment note called for payment of the principal "plus interest." Interest was included in the judgment at 1% over prime by prior agreement of the parties. In setting aside the court's action in striking the judgment, we said: "[E]ven if the interest had been improperly included or improperly assessed, such error would not have constituted a ground for striking off the judgment entered on complaint and not under the Act of 1806." *National Cent. Bank v. Abramson,* supra at 92, 302 A.2d at 386.

The lower court took no action on the petition to open. This was understandable inasmuch as the court struck the judgment. Since we are reversing that action, we will remand the case for consideration of the petition to open.

That part of the order of April 25, 1973, striking off the judgment is reversed and the record is remanded for consideration of the motion to open judgment.