### Rufo, Appellant, *v.* Bastian-Blessing Company.

Argued January 11, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Rudolph J. Di Massa,* for appellants.

*Philip Price,* with him *George J. Miller,* and *Dechert, Price & Rhoads,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, March 22, 1966:

This is an appeal from the Court of Common Pleas which sustained defendant's preliminary objections to plaintiffs' *reinstated* complaint in trespass. Plaintiffs alleged that defendant supplied one of the plaintiffs, Clementino Rufo, with a defectively manufactured portable cylinder containing gas and that as he was using the cylinder to melt solder in the basement of his home the cylinder was ignited by a nearby pilot light and an explosion occurred which caused property damage and severe personal injuries.

This accident occurred in December, 1957. Plaintiffs thereafter brought two actions against the defendant, one in trespass and one in assumpsit. Defendant was a foreign corporation. In both actions, service of process was made by serving the Secretary of the Commonwealth.

On January 23, 1959, plaintiffs entered a default judgment against defendant in the trespass action for want of an appearance. On June 20, 1960, the lower Court, after a hearing, ordered the *default judgment in the trespass action stricken,* and dismissed the com-

plaint in the assumpsit action* on the ground, inter alia, that service of the complaint could not legally be made on the Secretary of the Commonwealth.

No appeal was ever taken from the order of the lower Court which struck the default judgment in the trespass action.

On May 20, 1965, plaintiffs, as permitted by Pa. R. C. P. 1010, reinstated the complaint in trespass. The lower Court sustained defendant's preliminary objections to such reinstatement, and plaintiffs thereupon took this appeal.

It is well established in Pennsylvania that " 'where a judgment is vacated or set aside [or stricken from the record] by a valid order or judgment, it is entirely destroyed and the rights of the parties are left as though no such judgment had ever been entered.' " *Higbee Estate,* 372 Pa. 233, 237, 93 A. 2d 467.

The filing of the original complaint in trespass on December 12, 1958, tolled the statute of limitations for the statutory period of two years, but not a day longer; and the statute of limitations bars the reissuance of the complaint after this period expires. *Marucci v. Lippman,* 406 Pa. 283, 285, 177 A. 2d 616; *Zarlinsky v. Laudenslager,* 402 Pa. 290, 167 A. 2d 317.

Since the plaintiffs did not reinstate their original complaint in this trespass action within the two-year period, their claim is barred by the statute of limitations.

Order affirmed.

---

* The order of the lower Court in the assumpsit action was sustained by this Court in *Rufo v. Bastian-Blessing Co.,* 405 Pa. 12, 173 A. 2d 123. Plaintiffs thereafter reinstated the complaint in assumpsit, and this Court once again affirmed the lower Court, which had dismissed the complaint on the ground that plaintiffs' action was barred by the statute of limitations. *Rufo v. The Bastian-Blessing Co.,* 417 Pa. 107, 207 A. 2d 823 (1965).