Joseph A. Puleo & Sons, Inc. et al. *v.* Rossi et ux., Appellants.

Argued March 18, 1975. Before WATKINS, P. J.,
JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and
SPAETH, JJ.

*Steven R. Sosnov,* with him *Sosnov & Sosnov,* for appellants.

*Ronald J. Examitas,* and *Weiss, Freeman & Goldberg,*
submitted a brief for appellees.

OPINION BY HOFFMAN, J., June 24, 1975:

Appellants contend that the lower court erred in denying their petition to "open, strike, or otherwise set aside a confessed judgment."

On June 1, 1973, appellants Frank and Suellen Rossi signed a real estate sales agreement to purchase the home of the appellees, Gary and Susanne Bowden, located in Phoenixville, Montgomery County, for $19,000. This transaction took place at the offices of Joseph A. Puleo & Sons, Inc., the real estate broker hired by the appellees. The broker accepted a check in the amount of $500 as a

down payment. In addition, appellants executed a judgment note for $1500 payable to "Joseph A. Puleo Real Estate." The note was due June 5, 1973, and contained a clause authorizing judgment to be confessed "as of any term." The contemplated sale between the parties was never consummated, and appellees confessed judgment on December 11, 1973. On January 15, 1974, appellants filed a petition to open, strike or set aside the confessed judgment, and appellees filed an answer on February 6, 1974. The lower court ordered that a hearing be held on February 14, 1974, and denied the petition on August 24, 1974.

The record reveals conflicting accounts of the events following appellants' offer to purchase the Bowden home. According to the appellants, Mr. Rossi contacted Mr. Puleo on Saturday, June 2, 1973, at 9:45 a.m., informed him that the offer was withdrawn and demanded that his deposit be returned. Appellants claim that Mr. Puleo called Mrs. Bowden, that Mrs. Rossi also contacted Mrs. Bowden by telephone, and that Mrs. Bowden told them that she could not make a definite statement until her husband returned home. Most importantly, appellants allege that the Bowdens did not sign the agreement of sale and thus did not accept the offer tendered by appellants until the afternoon of June 2, 1973.

Appellees gave an entirely different account. They claim that the Rossis called Puleo on the morning of June 2, 1973, and asked for an appointment to see the property. Puleo and the Bowdens allege that the agreement of sale was signed by appellees at 12:30 that afternoon, prior to any attempt by appellants to withdraw their offer.

In order to open a confessed judgment, the judgment debtor must act promptly and produce evidence in support of a meritorious defense. *Wenger v. Ziegler,* 424 Pa. 268, 226 A.2d 653 (1967); *Wolgin v. Mickman,* 233 Pa. Superior Ct. 218, 335 A.2d 824 (1975); *Ritchey v. Mars,*

227 Pa. Superior Ct. 33, 324 A. 2d 513 (1974). In this case, appellants filed their petition approximately one month after the entry of judgment and appellees do not contend that appellants failed to act promptly. Appellants allege that they withdrew their offer of purchase prior to its acceptance by appellees. If this contention is correct, then the parties never executed a binding contract and the judgment note is unsupported by consideration. This would be a complete and meritorious defense. *Ritchey v. Mars*, supra. The only question, therefore, is whether appellants produced sufficient evidence in support of their alleged defense.

Rule 2959 (e)., Pa. R. C. P., provides: "The court shall dispose of the [rule to show cause] on *petition and answer,* and on any testimony, depositions, admissions and other evidence . . . If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment." (Emphasis added). Appellees do not contest the proposition that lack of consideration constitutes a complete defense to a suit on the note in question. They argue, however, that appellants failed to produce sufficient evidence in support of the defense to pose a jury question. Rule 2959 (e) directs the court to consider the petition, answer, testimony, etc. In their brief, appellees state that the record in the present case "consist[s] of a petition, answer, and depositions of the Bowdens." Yet they maintain that "the record contains only the uncontradicted testimony of the Bowdens that the agreement had been signed prior to any notice of the Rossis' intention to withdraw the offer." It is true that the only oral testimony taken was that of the Bowdens, the appellees. But the petition contains a statement of Mr. Rossi that the offer was withdrawn prior to acceptance. In view of the language of Rule 2959 (e), and appellees' own definition of what constitutes the "record," they cannot argue that appellants produced no evidence in support

of their alleged defense. It is obvious that the petition, answer, and oral testimony pose a jury question. Appellants' allegations would be sufficient to "prevent a directed verdict against [them]." *D. H. Overmyer Co., Inc. v. Frick Co.*, 405 U.S. 174, 190, 92 S. Ct. 775, 784 (1972) (DOUGLAS, J., concurring). *See also Ritchey v. Mars,* supra, at 36, n.4, 324 A. 2d at 515, n.4. Appellants, therefore, have met the standard contained in Rule 2959(e).*

Order of the lower court is reversed and the case is remanded with instructions to open the confessed judgment and proceed to trial under Rule 2960, Pa. R. C. P.

---

* In view of the disposition of this case, it is unnecessary to discuss appellants' other contention.