242 Pa. Superior Ct. 315 (1976)
363 A.2d 1287
TRIANGLE BUILDING SUPPLIES AND LUMBER COMPANY
v.
Ernest R. ZERMAN and Evelyn Zerman, his wife, Appellants.
Superior Court of Pennsylvania.
September 27, 1976.
*318 Ernest R. Zerman, IPP, Evelyn Zerman, pro se.
Irwin S. Lasky, Philadelphia, for appellee.
Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.
JACOBS, Judge.
This is an appeal from an order of the court below dismissing appellants' petition to set aside a confessed judgment.[1] We affirm.
On September 28, 1966, appellants executed a promissory note for $3,957.00 in favor of appellee. The note was consideration for materials supplied by appellee which were to be used in the commercial construction of residences by appellants. Several judgment notes were subsequently executed after the original note had come due, so that appellee would refrain from instituting legal action to collect on the original note.[2] A final judgment note for the amount of $4,500.00 was executed by appellants on September 6, 1968, once again in order that appellee would not institute legal action. That note, as had the preceding notes, contained a confession of judgment clause. The due date on the final note was three months after the date of execution.
*319 On September 20, 1968, the attorney for appellee entered an appearance and confessed judgment for the full amount of the $4,500.00 note.
Appellants paid appellee $3,150.00 during 1969 and 1970, but did not make further payments on the balance of $1,350.00. On July 8, 1975, appellee, seeking to recover the balance due, filed a praecipe for writ of revival of the judgment entered in September 1968.[3] Appellants filed a pro se petition answering the writ of revival and seeking to set aside the confessed judgment.[4] This appeal followed.
Appellants do not separately address the various remedies which may be available to them. However, since a proceeding on a praecipe for writ of revival is very narrow in scope, and a petition to open and a motion to strike a confessed judgment are distinctly different remedies, this court will consider each remedy seriatum.
Appellants argue that the appellee, by seeking a writ of revival, has opened the door for attacks on the merits of the original judgment as it was entered in 1968. The law is well-established that in a scire facias proceeding to revive a judgment, no inquiry into the merits of the original judgment will be heard. 6A Standard Pennsylvania Practice 657 (1960).[5] Thus, a defendant in a proceeding to revive a judgment is limited to defenses *320 such as denial of the existence of the judgment, or subsequent discharge, and may not defend on the basis that there were irregularities in the entry of the original judgment. Smith v. Bald Hill Coal Co., 343 Pa. 399, 23 A.2d 466 (1942). Since the appellants raised only defenses which go to the merits of the original judgment, and did not raise a defense cognizable in a proceeding to revive a judgment, the court below was proper in dismissing their answer filed in the revival proceeding.
The validity of the original judgment is, however, subject to attack through either a petition to open or a motion to strike the judgment. The lower court correctly distinguished between these two remedies. If the alleged defect in the confessed judgment is based on a matter dehors the record, the proper approach is to petition the court to open the judgment. Prestressed Structures, Inc. v. Bargain City, U.S.A., 413 Pa. 262, 196 A.2d 338 (1964); Weinberg v. Morgan, 186 Pa.Super. 322, 142 A.2d 310 (1958). On the other hand a motion to strike is proper only when the defect in the original judgment appears on the face of the record. Northway Village No. 3, Inc. v. Northway Properties, Inc., 430 Pa. 499, 244 A.2d 47 (1968); Central Penn National Bank v. Fleischmann Baking Co., Inc., 225 Pa.Super. 450, 311 A.2d 688 (1973).
We will first review appellants' petition to open. In doing so we must note that the decision of the lower court whether or not to open the judgment, is based on equitable considerations, and we will not disturb that decision absent a clear and manifest abuse of discretion. Thomasik v. Thomasik, 413 Pa. 559, 198 A.2d 511 (1964); James v. Silverstein, 224 Pa.Super. 489, 306 A.2d 910 (1973). In order to be successful, the party seeking to open a confessed judgment must act promptly and set forth a meritorious defense. See, e.g., Wenger v. Ziegler, 424 Pa. 268, 226 A.2d 653 (1967); Wolgin v. Mickman, 233 Pa.Super. 218, 335 A.2d 824 (1975).
*321 The judgment which appellants seek to open was entered in September 1968. The petition to open the judgment was not filed until July 1975, a delay of nearly seven years. The court below, in its discretion, held that appellants failed to act promptly in seeking to open the judgment. In view of the length of the delay involved, it is the opinion of this court that clearly the lower court's holding did not constitute an abuse of discretion.
Since appellants have failed to meet the prompt action requirement of a petition to open, in affirming the lower court's dismissal of the petition, we need not address the issue of whether or not appellants have set forth a meritorious defense.[6]
The remaining avenue of attack against the original judgment is a motion to strike, which is appropriate when a defect appears on the face of the record. Northway Village No. 3, Inc. v. Northway Properties, Inc., supra. Appellants raise a single argument that could conceivably point to such a defect. That argument focuses on the fact that the judgment was entered prior to the maturity date of the note, and that appellee failed to file a declaration of default at the time of such entry.
Before considering the merits of this argument, it should be noted that although a motion to strike lacks the equitable characteristics of a petition to open, it is nonetheless subject to a defense akin to laches, and therefore a motion to strike must be made within a reasonable time of the entry of judgment. Nixon v. Nixon, 329 Pa. 256, 198 A. 154 (1938); Eastman Kodak Co. v. Osenider, 127 Pa.Super. 332, 193 A. 284 (1937). In light of the lower court's holding that seven years was an unreasonable *322 delay prior to filing a petition to open, it would appear that the same would hold true with respect to the motion to strike, thus resulting in a denial of the motion without consideration of the merits.
Assuming arguendo, that appellants had filed the motion to strike within a reasonable time, the argument which they raise would not require that the judgment be stricken. Appellants correctly state the well-established rule that if a warrant of attorney in a confession of judgment clause authorizes entry of judgment only after default, a judgment entered prior to default or without an averment of default is invalid. Kolf v. Lieberman, 282 Pa. 479, 128 A. 122 (1925).
In the case at bar, however, the confession of judgment clause imposes no requirement that a default occur prior to the entry of judgment.[7] Where, as here, the note is silent as to when judgment may be taken, the well-settled rule is that there is no need to wait until the maturity date of the note before entering judgment. O'Maley v. Pugliese, 272 Pa. 356, 116 A. 308 (1922); Integrity Title Insurance, Trust & Safe Deposit Co. v. Rau, 153 Pa. 488, 26 A. 220 (1893); Rose v. Cohen, 193 Pa. Super. 454, 165 A.2d 264 (1960). In Rose v. Cohen, supra, a case which involved a warrant of attorney containing language identical to that contained in the note now before us, it was clearly established that there is no need to file an averment of default or a declaration, prior to the entry of judgment. It is apparent that under the facts of this case, entry of judgment prior to the due date of the note did not affect the validity of the judgment so *323 entered. We conclude that, irrespective of whether or not appellants' motion was timely, the court below correctly determined that no defect of record was raised, and therefore dismissal of the motion to strike was proper.
Order affirmed.
HOFFMAN, J., concurs in the result.
NOTES
[1] In response to a praecipe for writ of revival, appellants filed a petition captioned "Answer to Writ of Revival and Petition to Set Aside Confessed Judgment." The lower court treated this petition in substance, as an answer to the praecipe for a writ, and as a petition to open and/or a motion to strike the judgment.
[2] Three successive judgment notes for the amount of $3,700.00 were executed on or about May 26, 1967, February 22, 1968, and May 22, 1968. All three notes were due three months from date of execution, and each note replaced the prior, overdue note.
[3] Appellants' brief indicates that there is a misunderstanding concerning the effect of a revival of the $4,500.00 judgment. Under no circumstances would appellants have to pay an additional $4,500.00 to satisfy the judgment since appellee's answer to the petition to open admits that $3,150.00 has already been paid on the note, and that appellants' account would be credited for that amount.
[4] See note 1 supra.
[5] Effective April 1, 1965, the practice of reviving judgments by writ of scire facias was abolished, and the writ of revival was substituted in its place. Pa.R.C.P. Nos. 3025-3049. However, the substantive law relating to the revival of judgments is not affected. Act of July 3, 1947, P.L. 1234, § 1, 12 P.S. §§ 877-884 (1962), suspended by Pa.R.C.P. No. 3049(3) insofar as it provides for the use of writs of scire facias to revive judgments.
[6] Appellants raised as a defense, lack of consideration for the note, and in addition complained that they had not knowingly waived any rights by signing the confession of judgment note. The lower court considered both defenses on the merits and dismissed them.
[7] The warrant of attorney reads as follows: "[W]e do hereby empower any Attorney of Any Court of Record within the United States or elsewhere to appear for us and after one or more declarations filed, confess judgment against us as of any term . . . ."