398 A.2d 215

## J. F. REALTY COMPANY, Appellant,

### v.

## Robert YERKES, Individually and t/a Boulevard Caterers.

Superior Court of Pennsylvania.

Argued Dec. 7, 1977.

Decided Feb. 16, 1979.

C. George Milner, Philadelphia, for appellant.

Herbert Braker, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

The instant appeal is brought by appellant from an order of the lower court striking a confession of judgment entered against appellee. Appellant claims that the court erred in granting appellee's motion to strike. We agree and reverse the order of the court below.

The facts pertinent to this appeal are as follows. On July 1, 1976, appellant, J. F. Realty Co., and appellee, Robert Yerkes, entered into a lease contract whereby appellant agreed to lease to appellee the premises at 6595 Roosevelt Boulevard in Philadelphia. By means of a "rider" attached to the form lease, the parties agreed that appellee could assign the lease to any corporation in which he owned at least 51% of the stock. The lease also contained a standard "confession of judgment" clause authorizing appellant to confess judgment against appellee if appellee breached the rent covenant. Upon occupying the premises, Yerkes discovered that approximately one-half (½) of the total floor space of 40,000 square feet was unusable because of structural defects in the building. Appellee notified appellant of these defects, to no avail, and expended approximately $6,000 of his own funds in an effort to correct the defects.

On October 26, 1976, appellee Yerkes formed R. Y. S. Caterers, Incorporated, a corporation in which he owned 100% of the stock. On November 17, 1976, he assigned the lease on the Roosevelt Boulevard property to R. Y. S. Caterers, and notified appellant of the assignment on that date. Appellee had, however, ceased paying the rent on the

premises on November 1, 1976, and did not pay the monthly rental after that date. After various negotiations between the parties, appellant filed a complaint for confession of judgment against appellee on February 4, 1977, in the amount of $568,259.66, representing the rent for the unexpired term of the seven (7) year lease plus various charges. In the complaint, appellant alleged that appellee Yerkes had breached the rent covenant by failing to pay rent after November 1, 1977, and by failing to present proof of insurance coverage on the premises. Appellee subsequently filed a petition pursuant to Pa.R.C.P. No. 2959 to strike the confessed judgment,[1] alleging *inter alia,* that appellee was released from liability under the lease by virtue of his assignment of the lease to R. Y. S. Caterers, and that appellant was indebted to appellee on a counterclaim in the amount of $59,333.34. On or about March 25, 1977, appellant filed an answer denying the assertions in appellee's petition. On May 12, 1977, the court below entered an order striking the judgment previously entered on February 4, 1977.[2] As justification for its action, the court relied upon section (e) of Rule 2959 which states in part, "If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment." The court reasoned that issues existed as to whether appellee's assignment of the lease released him from liability, whether appellee had breached the rent covenant prior to the time he assigned the lease to R. Y. S. Caterers, Inc., and whether the assignment was fraudulent and unsupported by consideration. Appellant has appealed, alleging that the

1. The record (R24a) discloses in fact that the pleading filed was labeled only "Petition" and that the prayer requested that "the judgment heretofore entered in this matter be set aside."

2. The order of May 12, 1977, (R29a) concludes ". . . is directed to be stricken from the record." The opinion of the court below, entered July 7, 1977, (R30a–35a) is in the same language, *i. e.* ". . . is directed to be stricken from the record." We also note that the order (R29a) was obviously prepared by counsel for appellee, since it bears the printed name, attorney's number and address of counsel.

court utilized an improper standard in granting appellee's motion to strike. We agree.

Initially, it should be noted that the standard employed in section (e) of Rule 2959 relates to a petition to open a judgment, while appellee's petition was one to strike the judgment. This distinction is critical for as has been stated,

"If the alleged defect in the confessed judgment is based on a matter *dehors* the record, the proper approach is to petition the court to open the judgment. On the other hand a motion to strike is proper only when the defect in the original judgment appears on the face of the record." *Triangle Building Supplies and Lumber Co. v. Zerman,* 242 Pa.Super. 315, 320, 363 A.2d 1287, 1289 (1976) (citations omitted).

Generally, such clearly established defects justifying a motion to strike arise when the judgment entered is for a grossly excessive amount or includes recovery for items that were not permitted in the contract authorizing a confession of judgment. *See, e. g., Colony Federal Savings and Loan Assoc. v. Beaver Valley Engineering Supplies Co.,* 238 Pa.Super. 540, 361 A.2d 343 (1976); *H. A. Steen Industries, Inc. v. Richer Communications, Inc.,* 226 Pa.Super. 219, 314 A.2d 319 (1973). In such cases, the defect in the judgment is easily ascertained "on the face of the record" by examining the confession of judgment clause in the contract. When, however, the petition is one to strike, "[t]he facts averred in the affidavit of default are to be taken as true and *if the truth of the factual averments are disputed, the remedy is by a proceeding to open the judgment and not to strike."* *Northway Village No. 3, Inc. v. Northway Properties, Inc.,* 430 Pa. 499, 503, 244 A.2d 47, 49 (1968) (emphasis added).

Applying these principles to the instant proceeding, it is clear that the court below erred in striking the judgment based upon appellee's mere allegations of defenses to appellant's claim. Because appellee's petition to strike disputed appellant's factual averment of default, and because the

resolution of that dispute was impossible based upon the existing record and would have required the introduction of evidence *dehors* the record, appellee's petition to strike should have been denied. Indeed, the very finding by the court below that appellee's alleged defenses were not clearly established, but merely raised issues that would have required submission to a jury, precluded a finding in this case that the judgment was clearly defective "on the face of the record." While appellee's claimed defenses may be sufficient to sustain a petition to open under the less stringent standard of Rule 2959(e), his decision to limit his petition constrains the extent of review of the petition to strike. *See, e. g., Malakoff v. Zambar, Inc.,* 446 Pa. 503, 288 A.2d 819 (1972); *Florida Crab House, Inc. v. Hake,* 259 Pa.Super. 230, 393 A.2d 801 (1978).

Accordingly, the order of the lower court is reversed, judgment is reinstated, and the case is remanded for proceedings consistent with this opinion.

CERCONE, President Judge, concurs in the result.

JACOBS and WATKINS, former President Judges, and HOFFMAN, J., did not participate in the consideration or decision of this case.