401 A.2d 818

**Marie DE FEO t/a Park Vallei Company, Appellant,**

**v.**

**Robert MAC INTYRE and Oksanna Mac Intyre, h/w.**

Superior Court of Pennsylvania.

Argued June 13, 1978.

Decided April 12, 1979.

Paul Swerdlow, Media, for appellant.

Richard A. James, Media, for appellees.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PRICE, Judge:

Appellees were tenants under a written lease of an apartment owned by appellant. On or about December 28, 1976, appellant gave written notice to appellees that the lease would not be renewed and that appellees must vacate the apartment by April 1, 1977, the expiration date of the lease. Appellees did in fact vacate by February 1, 1977. Appellant made claim for rent due and damages allegedly done by appellees to the apartment, and on May 23, 1977, filed an Assumpsit Complaint with a District Justice. Notice of the filing together with notice of a hearing on June 13, 1977, was given the appellees, who failed to appear. Default judgment was given appellant in the amount of $581.50 which was the $550.00 claim of appellant plus costs of $31.50. Notice of this judgment was given, and receipt of the notice is acknowledged by appellees apparently within two days of the judgment. Appellees took no appeal. At a date not appearing of record, but approximately two months later,[1] appellant executed on the judgment and made levy on appellees' property. At this point appellees first contacted counsel, who, after determining appellant would make no concession on the judgment, filed a Petition To Open or Strike Judgment and Stay Execution Nunc Pro Tunc on August 30, 1977.[2] A Rule was issued, Stay was granted and the matter argued before an en banc court on October 14, 1977. By order dated November 29, 1977, and filed Novem-

[1]. Both parties agree to this fact in their briefs.

[2]. The prayer of said petition is ". . . why the Judgment heretofore entered should not be opened, stricken, and execution stayed nunc pro tunc."

ber 30, 1977, it was ordered that the judgment be "stricken" and appellees were given 20 days to file an appeal from the District Court's judgment.[3] It is from that order that this appeal is taken.

The court below reasoned as follows:

"It is agreed that no notice was given to the Petitioners advising them that they had a right to appeal the judgment within twenty (20) days to the Court of Common Pleas and that the case would be heard de novo.

We feel that the Petition to Strike should be granted and the Petitioners permitted to file an Appeal.

Although nothing in Rule 324 of the Rules of Conduct, Office Standards and Civil Procedures for Justices of the Peace, the statutes of the Commonwealth, or the caselaw requires such a notice to be given, we believe the better practice requires it. We note for instance that Rule 409 requires that the Defendant be given notice of his exemptions. The note to Rule 409 in part states: 'Although there is no requirement in any statute or any provision of the Pennsylvania Rules of Civil Procedure that the Defendant be given notice of his exemptions, this rule does impose such a requirement, since Defendants who are subjected to these proceedings are often unrepresented by counsel and ignorant of the exemptions allowed them by law.' "

■ Although we must reverse, we agree with the court below that there is no authority for the requirement of notice to appellees of their right to appeal the District Justice's judgment to the Court of Common Pleas within 20 days. It is for just that reason that it was error to strike this judgment.

3. This order was signed by the Honorable Robert F. Kelley. The names of four other judges are noted, apparently designating a court en banc, but three judges are noted as "Not Participating" and one judge, the Honorable Domenic D. Jerome, dissenting. Such an order does not designate a majority. We decline, however, to base our decision on this point.

The practice of blurring the distinction between opening and striking judgments has been criticized for years by the Courts of Pennsylvania. Although Pa.R.C.P. No. 2959 provides that the motions must be asserted in a single petition, such a rule does not sanction such blurring and blending as is presented by appellees' petition herein. Further, the petition itself is addressed to the traditional equitable grounds applicable *solely* to opening of judgments.[4]

We have recently addressed this problem in *J. F. Realty Company v. Robert Yerkes, Individually and T/A Boulevard Caterers*, 263 Pa.Super. 436, 398 A.2d 215 (1979). While there is authority for either the court below or an appellate court to overlook improper nomenclature, where, as here, there is no record to support the opening such a procedure cannot be employed.

A motion to strike is only proper when the defect in the original judgment appears on the face of the record. *Triangle Building Supplies and Lumber Co. v. Zerman*, 242 Pa.Super. 315, 363 A.2d 1287 (1976). There being no such defect the order must be reversed.

Accordingly, the order of the court below wherein the judgment was stricken is reversed, the appeal in the court below filed by appellees on December 13, 1977, from the District Justice's judgment is quashed, and the case is remanded for proceedings consistent with this opinion.

HESTER, J., files a dissenting statement.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

HESTER, Judge, dissenting:

I dissent. I would affirm the action of the court below.

4. Indeed, for the most part, both briefs address the issue in the same manner.