411 A.2d 751

**Anthony MALICIA, Appellant,**

**v.**

**PROIETTA CATERING AND COCKTAIL LOUNGE, INC.**

Superior Court of Pennsylvania.

Argued March 22, 1979.

Filed Oct. 5, 1979.

Petition for Allowance of Appeal Denied Jan. 16, 1980.

Benjamin Pomerantz, Philadelphia, for appellant.

James D. Rosen, Philadelphia, for appellee.

Before VAN der VOORT, HESTER and WIEAND, JJ.

HESTER, Judge:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County striking a judgment entered by confession.

Appellant filed a judgment note in August of 1976 and after damages were assessed, a writ of execution issued on September 1, 1976.

Forty-four days later, appellee filed a petition to open and/or strike the previously entered judgment. Appellant filed an answer and new matter.

On April 6, 1977, the lower court struck the judgment by the following order:

"AND NOW, this 6th day of April, 1977, it is hereby Ordered and Decreed that the judgment entered by confession in this matter shall be stricken.

Defendant shall have 20 days from the date of this Order within which to file a responsive pleading to the Complaint."

On April 27, 1977, appellant praeciped to enter judgment for failure of appellee to file a responsive pleading. On May 6, 1977, appellant praeciped for a writ of execution. On

June 21, 1977, appellee petitioned to open/or strike the judgment.

The lower court by the following order, struck the judgment:

"AND NOW, to-wit, this 17th day of June, 1977, upon consideration of the defendant's Petition to Strike Judgment in the above captioned matter, it is Ordered and Decreed that:

1) The Order of this Court entered on April 6, 1977 is hereby vacated;

2) The Judgment entered by Default on April 27, 1977 pursuant to the aforementioned Order is hereby stricken;

3) The Writ of Execution filed on May 6, 1977 is hereby stricken;

4) The pleadings in this matter shall be limited to the following:

a) Plaintiff's Complaint for Confession of Judgment, Averment of Default and Praecipe to Assess Damages; and

b) Defendant's Petition to Open Judgment; and

c) Plaintiff's Answer to Defendant's Petition to Open Judgment.

5) There shall be no further pleadings in this matter prior to trial."

Appellant contends that the court improperly struck the judgment, which was proper on its face.

Our review here covers only the validity of the order striking the default entered on April 27, 1977. We need not discuss the merits of this case since appellant did not challenge the court's original order of April 6, 1977.

Appellee asserts that Pa.R.C.P. 2960 does not require an answer after a judgment by confession is opened and the lower court, recognizing the error of its order of April 6, 1977, regarding a responsive pleading, properly struck the judgment.

Our reading of Pa.R.C.P. 2960 leads us to believe that indeed no responsive pleading was necessary, hence it was

error to enter judgment based on appellee's failure to file an answer.

Rule 2960 reads:

If a judgment is opened in whole or in part the issues to be tried shall be defined by the complaint if a complaint has been filed, and by the petition, answer and the order of the court opening the judgment. There shall be no further pleadings. . . .

We find this language clear and unambiguous. Thus following Pa.R.C.P. 127, we must give meaning to the letter of the rule. Only where a rule is not explicit or is ambiguous are we permitted to mold our own interpretation.

■ Opening a default judgment is an appeal to the equitable power of the court. *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 305 A.2d 698 (1973).

■ Here the court improperly ordered the appellee to file a responsive pleading in contradiction of Pa.R.C.P. 2960. Recognizing its error, the court opened the default judgment entered when appellee filed no pleading.

We find no abuse of discretion and affirm the order of the lower court.

WIEAND, J., files a concurring opinion.

WIEAND, Judge, concurring:

The procedural morass presented by this appeal has resulted from a failure to distinguish clearly between opening and striking confessed judgments. Any effort to return the parties to the solid ground of procedural orderliness must begin with that distinction.

It is axiomatic that a motion to strike will not be granted unless a fatal defect appears on the face of the record. *De Feo v. MacIntyre*, 265 Pa.Super. 95, 401 A.2d 818 (1979); *J. F. Realty Company v. Yerkes*, 263 Pa.Super. 436, 398 A.2d 215 (1979); *Advance Building Services Company v. F. & M. Schaefer Brewing Company*, 252 Pa.Super. 579, 384 A.2d 931 (1978). By the same token, if the judgment is self-sustain-

ing and regular on its face, it will not be stricken. *Solebury National Bank of New Hope v. Cairns*, 252 Pa.Super. 45, 380 A.2d 1273 (1977); *Fourtees Co. v. Sterling Equipment Corporation*, 242 Pa.Super. 199, 363 A.2d 1229 (1976).

When a judgment has been vacated or stricken by a valid order or judgment, it is entirely destroyed, and the rights of the parties are left as though no judgment had ever been entered. *Rufo v. Bastian-Blessing Co.*, 420 Pa. 416, 418, 218 A.2d 333, 334 (1966); *Higbee Estate*, 372 Pa. 233, 237, 93 A.2d 467, 469 (1953); 7 Standard Pennsylvania Practice 243. See also: *Fourtees Co. v. Sterling Equipment Corporation*, supra. In such case, the stricken judgment has no future effect whatsoever. *Bergen v. Lit Brothers*, 354 Pa. 535, 47 A.2d 671 (1946); *Higbee Estate*, supra.

A petition to open a judgment entered by confession is an appeal to the sound discretion of the trial court. *Tenreed Corporation v. Philadelphia Folding Box Company*, 256 Pa. Super. 49, 389 A.2d 594 (1978). Such a petition must be timely filed and aver a valid defense. *Kardos v. Morris*, 470 Pa. 337, 368 A.2d 657 (1977); *Fidelity Bank v. Act of America, Inc.*, 258 Pa.Super. 261, 392 A.2d 784 (1978); *Triangle Building Supplies and Lumber Company v. Zerman*, 242 Pa.Super. 315, 363 A.2d 1287 (1976). Under Pa.R.C.P. No. 2959(e), a court is required to open the judgment if evidence is produced which in a jury trial would require the issues to be submitted to the jury. *M. H. Davis Estate Oil Co., Inc. v. Sure Way Oil Co., Inc.*, 266 Pa.Super. 64, 403 A.2d 95 (1979); *Fidelity Bank v. Act of America, Inc.*, supra; *Puleo & Sons, Inc. v. Rossi*, 234 Pa.Super. 612, 340 A.2d 557 (1975).

After a confessed judgment has been opened, future proceedings are governed by Pa.R.C.P. No. 2960.[1] The issues are defined by the complaint, if a complaint has been filed, and by the petition to open, the answer, and the order of the court opening the judgment.

In the instant case, judgment was entered by confession against Proietta Catering & Cocktail Lounge, Inc. pursuant

---

1. Pa.R.C.P. No. 2960 has no applicability to the situation where a judgment has been stricken.

to a note bearing the corporate seal and signed, without otherwise naming the corporation, by Anthony Marinucci, Pres., and Eileen Marinucci, Secretary. An accompanying complaint alleged that the balance due was $6,997.68, and judgment was entered against the corporate defendant in that amount. The defendant corporation filed a petition to open or strike the judgment, contending that it was not a party to the note. If the court were to find that the record affirmatively disclosed this defense, then defendant asked that the judgment be stricken. In the alternative, if the execution of the note appeared to be ambiguous, it was requested that the judgment be opened to allow defendant to show by evidence that it was not a party to the note. Plaintiff filed an answer denying the averments of defendant's petition.

The trial court disposed of defendant's petition by the following order:

"And Now, this 6th day of April, 1977, it is hereby Ordered and Decreed that the judgment entered by confession in this matter shall be stricken.

Defendant shall have 20 days from the date of this Order within which to file a responsive pleading to the complaint."

This order was confusing; its effect was less than certain. If the court really intended to strike the judgment, because it was obvious from the face of the record that defendant corporation was not a party to the note, there were no issues remaining to be resolved. In that event, there was neither need nor authorization for a responsive pleading. The judgment would have been invalid, and it could have had no further effect.

On the other hand, a future determination of factual issues would have been necessary in the event the judgment were to be opened. The issues, in that event, would have been framed by the pleadings already filed. However, there was neither need nor authority for further pleadings. See: Pa.R.C.P. No. 2960.

In the face of an order which purported to strike the judgment, defendant did nothing. Specifically, it filed no responsive pleading. It is doubtful that it could have done so in any meaningful way, for the facts had already been averred in earlier pleadings.

On April 27, 1977, plaintiff entered a default judgment against defendant corporation for failure to file a responsive pleading. Another petition to open or strike caused the court to enter the following order:

"And Now, to wit, this 17th day of June, 1977, upon consideration of Defendant's Petition to Strike Judgment in the above captioned matter, it is Ordered and Decreed that:

1) The Order of this Court entered on April 6, 1977 is hereby vacated;

2) The Judgment entered by Default on April 27, 1977 pursuant to the aforementioned Order is hereby stricken;

4) The pleadings in this matter shall be limited to the following:

a) Plaintiff's Complaint for Confession of Judgment, Averment of Default and Praecipe to Assess Damages; and

b) Defendant's Petition to Open Judgment; and

c) Plaintiff's Answer to Defendant's Petition to Open Judgment.

5) There shall be no further pleadings in this matter prior to trial."

It is from this order that plaintiff appealed to this Court.

An analysis of the order can best begin with paragraph (2) which ordered the April 27th default judgment to be stricken. I agree that that judgment was properly stricken. Whether the confessed judgment had been opened or stricken by the order of April 6, 1977, there could be no proper requirement for further pleadings, and there were no means by which a default judgment could thereafter be entered. The so-called default judgment, therefore, was defective and was properly stricken.

The first paragraph of the order of June 17, 1977 is more difficult to comprehend. If taken at face value, the entire order of April 6, 1977 is to be deemed vacated. The effect of this would be, I suppose, to reinstate or, at least, allow to remain in effect the original confessed judgment. It seems clear, however, that this was not the intention of the trial judge, for such an interpretation would render paragraphs (4) and (5) of the order superfluous.

Unfortunately, these paragraphs are also rendered superfluous if we interpret the June 17 order as vacating only the responsive pleading directive of the order of April 6. This would leave inviolate that part of the April 6 order which ordered the confessed judgment stricken. In that event, there still is no need and no provision in the procedural rules for pleadings or for trial. As we have seen, when a judgment has been vacated or stricken, it is destroyed, and the rights of the parties are left as though there never had been a judgment.

The several orders of the trial court make sense only if they are to be interpreted as *opening* the confessed judgment to allow defendant to interpose a defense that the note is not a corporate obligation. In this manner, the court's order identifying the pleadings and implying a necessity for trial becomes meaningful. By so interpreting the order, appellee-defendant's defense, which in my judgment is not apparent from the face of the record, can be fully litigated and the rights of the parties determined. This would seem to be the correct and only reasonable interpretation to be placed on the trial court's orders in this case. Moreover, despite the trial judge's use of the term "stricken" when referring to the confessed judgment, the remaining parts of his several orders suggest strongly that he contemplated an opening of the judgment and not a striking.

I would modify the trial court's order by substituting the word "opened" for the word "stricken" in the order of April 6, 1977; modify the first paragraph of the order of June 17, 1977 to vacate only the second paragraph of the order of April 6, 1977; and, as so modified, affirm the several orders.

This, although admittedly somewhat unorthodox, is the only way in which I am able to give procedural regularity to these proceedings.

Finally, it is my understanding of the majority's opinion that it, too, is treating the several orders of the trial court as opening the judgment, for it could not otherwise affirm an order which frames the issues and provides for trial. For this reason, I concur in the result achieved by the majority.