556 A.2d 413

C–RICH CO.

v.

Charles DAVIS and Conshohocken Construction Company, Inc., Appellants.

Superior Court of Pennsylvania.

Argued Jan. 20, 1989.

Filed March 28, 1989.

Gary L. Azorsky, Philadelphia, for appellants.
Marc D. Jonas, Norristown, for appellee.

Before CIRILLO, President Judge, and BECK and TAMILIA, JJ.

CIRILLO, President Judge:

This is an appeal from an order dated May 25, 1988, entered in the Court of Common Pleas of Montgomery County denying the petition of appellants, Charles Davis (Davis) and Conshohocken Construction Company, Inc. (Conshohocken), for leave to amend their petition to open or strike the judgment confessed against them.

The relevant procedural history may be summarized as follows: On December 10, 1987, appellee, C–Rich Company, entered judgment by confession against Davis and Conshohocken. Six days later, appellants filed a petition to strike or open the judgment and thereafter C–Rich filed its answer to the petition. On January 14, 1988, the trial court entered an order allowing a maximum of sixty days for the completion of the discovery before the case could be listed for argument. In March, 1988, C–Rich filed an argument praecipe, and Davis and Conshohocken filed a petition to amend their earlier petition in order to include the following additional grounds for opening or striking the judgment entered against them:

(1) Respondent's attorney was wholly without power or authority to enter his appearance on behalf of petitioners, and thus the judgment was entered invalidly and illegally and is without force or effect;

(2) The judgment was entered without a valid or legal appearance by or on behalf of petitioner Charles Davis, and thus respondent entered judgment in violation of 50 U.S.C.A. ... § 520 by failing to file with the court an affidavit of non-military service;

(3) The complaint in confession of judgment fails to set forth with sufficient specificity the alleged default upon which the judgment is based, in violation of Pa.R.C.P. 2952(e);

(4) The complaint in confession of judgment fails to set forth with sufficient specificity an itemized computation of the amount allegedly due, in violation of Pa.R.C.P. 2952(e);

(5) The warrant of attorney and confession of judgment clauses in the contracts upon which respondent bases its judgment are inconspicuously located in a section of the contracts entitled "Repossession," conclude a lengthy sentence that appears to concern only instances of repossession, and are thus ambiguous, invalid and unenforceable as a matter of law;

(6) The affidavit of income executed by counsel for respondent and attached to the confession of judgment in the within action is inadequate as a matter of law, for it states only that petitioner Davis "is believed" to have an income in excess of $10,000.00, in violation of the rules of Montgomery County and petitioner's right to due process of law guaranteed by the Constitution of the United States; and

(7) The entry of judgment by confession against petitioners deprives them of their right to due process of law guaranteed by the 14th Amendment of the Constitution of the United States.

C–Rich then filed an answer to appellants' petition for leave to amend, and argument on that petition was scheduled. On May 25, 1988, the Honorable Anita Brody entered an order dismissing appellants' petition for leave to amend.

Following the filing of an appeal by Davis and Conshohocken, C–Rich filed a motion to quash the appeal with this court. This motion was denied by our court on August 23, 1988 and the parties were directed to address, in their appellate briefs, the issue of whether an order denying leave to amend a petition to open or strike a confessed judgment constituted a final order, as this question appears to be one of first impression in this Commonwealth.

On appeal, Davis and Conshohocken have asked us to consider the following two issues:

(1) Does an order denying leave to amend a petition to open or strike a confessed judgment constitute a final, appealable order where it results in waiver of the defenses sought to be asserted and thus puts the defendants "out of court" as to those defenses?

(2) Does the denial of leave to amend a petition to open or strike a confessed judgment constitute an abuse of discretion where allowance of the amendment would not delay consideration of the original petition or otherwise cause prejudice to the plaintiff, but denial of the amendment forever forecloses defendants from asserting meritorious defenses to the judgment?

In their first argument, Davis and Conshohocken contend that they sought leave to amend their earlier petition because Pa.R.C.P. 2959(a) requires that they assert all grounds for relief in a single petition and because, if they did not amend the petition and include the seven additional grounds for relief, according to Pa.R.C.P. 2959(c), those additional grounds would be waived.[1] In support of their argument, Davis and Conshohocken rely upon *Posternack v. American Casualty Co. of Reading*, 421 Pa. 21, 218 A.2d 350 (1966), where the court held that an order denying leave to amend an answer to a complaint to assert affirmative defenses was not interlocutory as it puts the defendant out of court. *Id.*, 421 Pa. at 24, 218 A.2d at 351. They also cite to cases which relied upon *Posternack* to buttress their position that the order, denying their petition for leave to amend the petition to open or strike the confessed judg-

---

1. Pa.R.C.P. 2959 states, in pertinent part:

   (a) Relief from a judgment by confession shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition. The petition may be filed in the county in which the judgment was originally entered, in any county to which the judgment has been transferred or in any other county in which the sheriff has received a writ of execution directed to him to enforce the judgment.

   .    .    .    .    .

   (c) A party waives all defenses and objections which he does not include in his petition or answer.

ment, is appealable. They rely upon cases such as *Grota v. LaBoccetta,* 425 Pa. 620, 230 A.2d 206 (1967) (where the court held that an order denying leave to amend defendant's answer to include an affirmative defense, in the form of a release of one of several joint tortfeasors, was not interlocutory), *Grim v. Betz,* 372 Pa.Super. 614, 539 A.2d 1365 (1988) (where the court stated that because contributory negligence and assumption of the risk are affirmative defenses, and must be pleaded or are otherwise waived, a pretrial order denying defendant's petition for leave to file an amended answer was a final and appealable order), and *Zarnecki v. Shepegi,* 367 Pa.Super. 230, 532 A.2d 873 (1987) *allocatur denied,* 518 Pa. 643, 542 A.2d 1371 (1988) (where the court held that a pretrial order which precluded defendant from presenting a possibly meritorious and complete defense in a mortgage foreclosure action was final and thus appealable).

C–Rich, on the other hand, contends that we must apply the rule set forth in *Adcox v. Pennsylvania Manufacturer's Association Casualty Insurance Company,* 419 Pa. 170, 213 A.2d 366 (1965), to the facts in the present case. The court in *Adcox* held that an order striking an affirmative defense did not have the requisite finality to be an appealable order because the affirmative defense which was precluded by the pre-trial order involved pure questions of law. C–Rich thus argues that the defenses which were precluded by the May 25, 1988 order require no facts to be proven and involve pure questions of law. Moreover, C–Rich states that Davis and Conshohocken have admitted, in their petition for leave to amend, that these defenses involve purely legal questions.[2] C–Rich thus concludes that according to *Adcox* the order denying appellants' petition for leave to amend their petition to strike or open judgment is interlocutory.

**2.** In their petition for leave to amend their petition to open or strike, Davis and Conshohocken state:
> 10. Each of the above stated grounds for relief constitute legal defenses for which no discovery is necessary or appropriate....

In their statement of jurisdiction, within their brief, Davis and Conshohocken state that they are bringing this appeal pursuant to 42 Pa.C.S. § 742. Section 742 confers jurisdiction on this court to hear "all appeals from final orders of the court of common pleas. A final order is one which either ends the litigation or disposes of the entire case." *Katz v. Katz*, 356 Pa.Super. 461, 465, 514 A.2d 1374, 1376 (1986), *appeal denied*, 515 Pa. 581, 527 A.2d 542 (1987). According to statutory authority, the order before us is not final.

There is, however, a line of cases, beginning with *Adcox*, enunciating a rule which has the effect of characterizing certain interlocutory orders as final orders. In *Adcox*, the court stated that when a pre-trial order precluded the assertion of affirmative defenses, which will be waived unless pleaded, and those defenses involved purely questions of law, an appeal from that order is interlocutory. *Adcox*, 419 Pa. at 174, 213 A.2d at 368. The following year, the court in *Posternack* relied upon *Adcox* but concluded that the pre-trial order in question effectively precluded proof at trial of matters which the trier of fact could have determined in favor of the pleader so as to provide him with a complete defense to the cause of action and held the order to be final and immediately appealable. *Posternack*, 421 Pa. at 23–24, 218 A.2d at 351.

Most recently, in *Hull v. Tolentino*, 517 Pa. 328, 536 A.2d 797 (1988), Justice Larsen, writing for our supreme court, clarified the rule set forth in *Adcox* and explained its ramifications. In *Hull*, the court addressed the issue of whether a pre-trial order which precludes a party from asserting an affirmative defense is final and appealable. Justice Larson set forth the *Adcox/Posternack* rule, stating:

This Court set forth in *Adcox v. Pennsylvania Manufacturers Association Casualty Insurance Co.*, 419 Pa. 170, 213 A.2d 366 (1965), the rule that a pre-trial order precluding the assertion of an affirmative defense which raised pure questions of law is interlocutory and there-

fore unappealable; whereas a pre-trial order precluding the assertion of an affirmative defense which "prevented factual proof of matters which the trier of fact could have determined in favor of the pleader so as to provide him with a complete factual defense," is final. 419 Pa. at 174, 213 A.2d at 368.

*Hull,* 517 Pa. at 330, 536 A.2d at 798. The court held that the pre-trial order in *Hull* was interlocutory because defendant Hull was only precluded from pleading a defense involving a question of law. After the court reached its holding, Justice Larsen stated:

> The ramifications of this rule are obvious. If an affirmative defense turns on disputed facts and the trial court errs in precluding the assertion of that defense, the case must be retried if appellate review and a reversal occur after the entry of final judgment. Appellate consideration *before* trial in this circumstance would obviate the possible expense and burden of two trials. On the other hand, where an affirmative defense involves a question of law, the appellate court can simply apply the law to the outcome of the litigation should it find that the trial court abused its discretion in precluding the assertion of that defense.

*Hull,* 517 Pa. at 331, 536 A.2d at 798–99.

Because of the unique requirements governing judgments entered by confession, set forth in the Pennsylvania Rules of Civil Procedure, we believe that an appeal from an order denying a petition for leave to amend a petition to open or strike a confessed judgment is similar to the factual scenario dealt with by the courts in *Adcox* and *Posternack.*

Pa.R.C.P. 2959 provides, in pertinent part:

(a) Relief from a judgment by confession shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition. . . .

*    *    *    *    *    *

(c) A party waives all defenses and objections which he does not include in his petition or answer.

In addition, Pa.R.C.P. 2960 states:

If a judgment is opened in whole or in part the issues to be tried shall be defined by the complaint if a complaint has been filed, and by the petition, answer and the order of the court opening the judgment. There shall be no further pleadings. The right to a jury trial on the opened judgment shall be deemed waived unless a party files and serves a written demand for jury trial within twenty (20) days after the order opening judgment; but if the issue is referred to compulsory arbitration, Rule 1007.1 shall apply.

We believe that an analysis of the finality of the order denying leave to amend the petition to open or strike the confessed judgment is proper under the *Adcox/Posternack* rule. Thus we will apply the rule because Pa.R.C.P. 2959(a) and (c) provide that any defense or objections not set forth in the petition to open or strike will be waived. An application of this rule to the seven defenses sought to be included by way of amendment to the petition to open or strike the confessed judgment leads us to conclude that they raise pure questions of law, and that the order is interlocutory. These defenses question whether C–Rich's attorney had authority to enter his appearance on behalf of Davis and Conshohocken; whether C–Rich entered judgment in violation of 50 U.S.C.App. § 520; whether the complaint complies with Pa.R.C.P. 2952(e); whether the sections of each contract providing for the warrant of attorney and confession of judgment are hidden and thus unenforceable as a matter of law; whether the language in the affidavit of income stating "it is believed" that Davis has an income greater than $10,000 is violative of Montgomery County Rules and the due process clause of the fourteenth amendment to the United States Constitution; and whether the entry of the judgment itself violates the due process clause of the fourteenth amendment. Because we find these defenses involve questions of law, we require that Davis and Conshohocken wait until after the disposi-

tion of their original petition to open or strike to file their appeal, if one is necessary.

Further, we believe that our decision today is consistent with the rationale set forth in *Hull.* If the court decides, based upon the original petition to open or strike and the answer thereto, that the judgment should not be opened or stricken, Davis and Conshohocken can appeal, pursuant to Pa.R.A.P. 311(a)(1),[3] from that order denying their petition. On appeal, they will be permitted to raise the unfairness of the denial of their petition for leave to amend, because they have preserved that issue for appellate review by merely filing such a petition. *See Hull, supra* (where our supreme court stated that after final judgment, an appellate court can then decide whether the trial court erred in striking defendant's amended new matter which asserted an affirmative defense). If, on the other hand, the court grants the original petition filed by Davis and Conshohocken and opens the judgment, Davis and Conshohocken will be permitted to try the issues that are defined by the complaint filed by C–Rich, the original petition, C–Rich's answer, and the order of the court opening the judgment. *See* Pa.R.C.P. 2960. While Davis and Conshohocken will not have the benefit of raising the defenses they sought to include by way of amendment if a trial is required under Pa.R.C.P. 2960, they will be permitted to appeal from this judgment and raise the unfairness of the denial of their petition for leave to amend at that time, in the event that the trial results in an adverse judgment.

However, if the court decides to strike the judgment because there was a fatal defect on the face of the record, then the confessed judgment is completely destroyed and the rights of the parties are as if no judgment had ever

---

**3.** Pa.R.A.P. 311(a)(1) provides:

    **(a) General Rule.** Except as otherwise prescribed by general rule, an appeal may be taken as of right from:

       (1) *Affecting Judgments.* An order opening, vacating or striking off a judgment, or refusing to open, vacate or strike off a judgment. If orders opening, vacating or striking off a judgment are sought in the alternative, no appeal may be filed until the court has disposed of each claim for relief.

been entered. *See Parliament Industries, Inc. v. William H. Vaughan & Co.*, 501 Pa. 1, 459 A.2d 720 (1983); *Haggerty v. Fetner*, 332 Pa.Super. 333, 481 A.2d 641 (1984). *See also Rufo v. Bastian Blessing Co.*, 420 Pa. 416, 218 A.2d 333 (1966). In such a case, Davis and Conshohocken will have received the relief they requested and the issue of the precluded defenses will be moot.[4]

Moreover, we feel strongly about the importance of avoiding piecemeal litigation. As our supreme court stated in *Piltzer v. Independence Federal Savings and Loan Ass'n of Philadelphia*, 456 Pa. 402, 319 A.2d 677 (1974), "the reason for prohibiting appeals from interlocutory orders is to preclude piecemeal determinations and the consequent protraction of litigation."

Based on the aforementioned discussion, we quash the appeal before us as interlocutory.

Appeal quashed.

4. For a general discussion of the distinction between opening and striking a judgment entered by confession, *see* the concurring opinion of Judge Wieand in *Malicia v. Proietta Catering & Cocktail Lounge*, 270 Pa.Super. 342, 411 A.2d 751 (1979). Judge Wieand states that a motion to strike will not be granted absent a fatal defect on the face of the record. *See, e.g., DeFeo v. MacIntyre*, 265 Pa.Super. 95, 401 A.2d 818 (1979). If a judgment is self-sustaining and regular on its face, it will not be stricken. *See, e.g., Solebury National Bank of New Hope v. Cairns*, 252 Pa.Super. 45, 380 A.2d 1273 (1977). Once a judgment entered by confession has been stricken by a valid order or vacated, it is entirely destroyed and the rights of the parties are as if no judgment had even been entered. *See Rufo v. Bastian Blessing Co.*, 420 Pa. 416, 218 A.2d 333 (1966).

On the other hand, a petition to open a confessed judgment is an appeal to the sound discretion of the trial court, must be timely filed and set forth a valid defense. *See, e.g., Kardos v. Morris*, 470 Pa. 337, 368 A.2d 657 (1977). A confessed judgment will be opened if evidence is produced which would require the issues to be submitted to a jury. *See, e.g., M.H. Davis Estate Oil Co., Inc. v. Sure Way Oil Co., Inc.*, 266 Pa.Super. 64, 403 A.2d 95 (1979).

Moreover, we emphasize that Pa.R.A.P. 311(a)(1) states that if orders opening or striking off a judgment are sought in the alternative, the court must dispose of each claim before an appeal can be filed. *See* Pa.R.A.P. 311(a)(1). As such, the trial court must decide whether the judgment against Davis and Conshohocken should be stricken off and if it is not stricken, the motion to open must be decided prior to the filing of an appeal.