**Lillian FITZPATRICK, Appellee,**

v.

**John FITZPATRICK and Darla Bergamasco, Appellants.**

**Darla Bergamasco, Appellant,**

v.

**Lillian Fitzpatrick, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 9, 2002.

Filed Nov. 19, 2002.

Brian M. Puricelli, Newton, for appellants.

David J. Sowerbutts, Bristol, for appellee.

Before: HUDOCK, FORD ELLIOTT, and OLSZEWSKI, JJ.

OLSZEWSKI, J.

¶ 1 This is an appeal from a Protection from Abuse (PFA) Order entered February 13, 2002, against appellants, John Brian Fitzpatrick and Darla Bergamasco, in favor of appellee, Lillian Fitzpatrick. Ap-

pellee has failed to reply to appellants' brief.

¶ 2 Appellants raise the following issues:

I.   Whether the appeal is moot?

II.   Whether the Protection from Abuse Court had jurisdiction to hear the matter:

> (A) because a hearing was not held within the statutory time limitations.

> (B) because Appellant Bergamasco is not within the statutory definition of a household family member.

III.   Whether the Appellants' subpoena for records and witness to appear should have been quashed and certified business records of police reports should have been admitted?

Brief of Appellants at 2.

¶ 3 This case was initiated on January 18, 2002, when appellee filed a PFA petition against appellant Fitzpatrick. A protection order was filed and a hearing was set for January 23. After the hearing on January 23, the case was continued and the protection order was extended until January 30.[1] Appellant Fitzpatrick was present at the hearing. Also on January 23, appellant Bergamasco filed an PFA petition against appellee, and appellee cross-filed the same against appellant Bergamasco. After another hearing on January 30, the case and temporary PFA orders were continued until February 13, 2002. This was done to allow the trial court to receive and review *in camera* the complete report concerning appellee from the Bucks County Agency of the Aging.

¶ 4 The full hearing occurred on February 13, 2002. At the conclusion, the trial court entered permanent PFA orders against appellants. Appellants were ordered to vacate, for 18 months, the residence they share with appellee, and to pay

---

1.   The continuance was to allow appellee to    perfect service against appellant Fitzpatrick.

appellee's legal costs, plus a $25 fine. On February 15, appellants filed a notice of appeal to this Court.

¶ 5 Six days later, on February 21, appellee filed a "Petition to Vacate PFA Order." The petition stated that appellants joined the petition. On February 25, appellants paid the $25 fine. On February 27 and 28, appellee's motion to vacate was granted and the PFA orders against appellants were vacated. Following the entrance of these orders, appellants, after inquiry as to whether they wished to continue their appeal, indicated that they desired to do so.[2] Appellants now ask this Court to reverse the February 13, 2002, order.

¶ 6 It is well settled that a case or controversy must be present at every stage of the judicial process or the case will be deemed moot and will not be considered. *Erie Insurance Exchange v. Claypoole,* 449 Pa.Super. 142, 673 A.2d 348, 352 (1996). A moot case presents questions and facts upon which a decision will have no effect. *Id.* at 353. Despite appellants' arguments, we can see no live case or controversy within the facts of this case.

¶ 7 While moot appeals will be considered when one of the parties will continue to suffer a detriment because of the judgment, this case presents no such situation. The February 13 PFA orders have already been vacated. They ceased to have any legal effect on appellants.

¶ 8 Appellants state that they continue to be harmed because the $25 fines that they each paid have not been returned. Brief of Appellants at 7. However, any decision by this Court concerning

these fines would be superfluous. The order vacating the PFA orders already addressed these fines. "Where a judgment is vacated or set aside (or stricken from the record) by valid order or judgment, it is entirely destroyed and the rights of the parties are left as though no such judgment had ever been entered."[3] *Rufo v. Bastian–Blessing Co.,* 420 Pa. 416, 218 A.2d 333, 334 (1966) (quoting *In re Higbee's Estate,* 372 Pa. 233, 93 A.2d 467, 469 (1953)). Given that the PFA orders have been vacated, it is clear that any decision rendered by this Court would change nothing.

¶ 9 Appellants also argue, in the alternative, that even if moot, their appeal deserves consideration. Specifically, they argue that the facts of this case raise issues of "great public importance" and/or are "capable of repetition yet evading review." Brief of Appellants at 7–8. We disagree.

¶ 10 Appellants are correct in stating that this Court will decide an otherwise moot case when the case presents an issue capable of repetition yet evading review, or an issue of great public importance. *Erie Insurance* at 353. They are incorrect however, in asserting that this case presents such issues.

¶ 11 Assuming *arguendo* that the PFA orders did deprive appellants of their due process rights, it is unlikely that these errors would ever be repeated without being judicially corrected. A PFA hearing is an adversarial process granting a defendant opportunity to be heard. Any errors occurring during the process may be corrected through the normal appellate process and only escape review in situations such as the instant case, where the

---

**2.** Curiously, on March 26, appellants had their motion to stay the February 13 PFA orders, which had already been vacated a month earlier, granted.

**3.** Given this, it is worth noting that appellants paid their fines 4 days after the petition to vacate, which would relieve this duty, was filed.

"faulty" order is vacated or stricken. We find no reason to believe that circumstances such as these are or will become commonplace.

¶ 12 Appellants next urge that this case raises issues of great public importance. It seems reasonable to assume that any such issue of great public importance would be clearly visible after examination of the record and appellants' brief. No such issue presented itself.

¶ 13 As this case is clearly moot and does not present issues capable of repetition yet evading review or issues of great public importance, any opinion issued by this Court would be purely advisory and as such, impermissible. We decline to offer such a decision and need not address appellants' other arguments. The appeal is therefore dismissed.

¶ 14 Appeal dismissed. Jurisdiction relinquished.